833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nelda C. BARKALOW, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3439.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN and RICH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT08318610808, denying, as untimely filed, Nelda C. Barkalow's appeal from a July 10, 1986 Office of Personnel Management reconsideration decision denying her request for survivor benefits, is affirmed.
 
 OPINION
 
 2
 Barkalow had the burden of showing good cause for her thirty-day delay in filing her appeal to the board. Phillips v. United States Postal Service, 695 F.2d 1389, 1391 (Fed.Cir.1982); 5 C.F.R. Secs. 1201.12, 1201.22(c)(1) (1987). On full consideration of the entire record, including Barkalow's memorandum in lieu of argument, we are unable to conclude that the board abused its discretion in concluding that she could have written a letter stating that she wanted to appeal the decision and would later submit documents when she was able. See Martinez v. Office of Personnel Management, 10 M.S.P.R. 189, 190 (1982); see also Alonzo v. Department of the Air Force, 4 MSPB 262, 265-66, 4 M.S.P.R. 180, 185-86 (1980).
 
 
 3
 Barkalow's uncorroborated statement that she was sick and had surgery does not satisfy her burden to show good cause for specifically failing to meet the August 4, 1986 appeal deadline. See Jackson v. Department of Army, 15 M.S.P.R. 365, 367 (1983); Dameron v. Department of Energy, 16 M.S.P.R. 370, 371 (1983). Her statements to this court about beatings, heart catheterization, present treatments, and poverty evoke the full sympathy of the court. Those statements were not presented to the board, however, and the law gives the court no choice but to affirm the board. Lizut v. Department of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983); 5 U.S.C. Sec. 7703.
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Phillips, 695 F.2d at 1390.