833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles F. CARREL, Petitioner,
v.
DEPARTMENT of the NAVY, Respondent.
 No. 87-3452.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1987.
 
 Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. PH07528710274, dismissing petitioner's appeal as untimely, is affirmed.
 
 OPINION
 
 2
 Under 5 C.F.R. Sec. 1201.22(b) (1987), an appeal to the board must be filed within 20 days from the effective date of the agency action. This time limit may be waived only if petitioner can show "good cause" for the delay in filing. See 5 C.F.R. Sec. 1201.12 (1987).
 
 
 3
 This court has held that "[w]hether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board." Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). Accordingly, our review of the board's determination that a petition for review is untimely "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." Id.; see 5 U.S.C. Sec. 7703(c) (1982).
 
 
 4
 Petitioner filed his appeal with the board seven days after the 20-day appeal period had expired. He contended before the board that the tardy filing was justified by his mistaken belief that the effective date of his removal was February 27, 1987, rather than February 17, 1987. He does not dispute, however, that he received written notice that his removal was effective on February 17, 1987, and that he was informed that any appeal to the board had to be filed within 20 days of that date. Under these circumstances, the board did not abuse its discretion in holding that petitioner's mistaken belief about the effective date of his removal was not "good cause" for his failure to file a timely appeal.