835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Oscar D. SAINZ, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3379.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1987.
 
 Before MARKEY, Chief Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), 32 M.S.P.R. 678 (1987), denying as untimely Oscar D. Sainz' (Sainz') motion to reopen an initial decision, and dismissing as untimely his appeal from an alleged coerced resignation, is affirmed.
 
 OPINION
 
 2
 Sainz' argument that the Assistant United States Attorney coerced him to withdraw his indefinite-suspension appeal and to resign is irrelevant to the board's decision. Assuming such coercion occurred, it ended when the Ninth Circuit reversed Sainz' conviction. The board properly focused on whether Sainz carried his burden of establishing good cause for the seven-month delay between that event and the filing of Sainz' motion to reopen. 5 C.F.R. Sec. 1201.113(d).
 
 
 3
 The board did not abuse its discretion in determining that Sainz' assertion of difficulty in obtaining legal assistance did not establish good cause. See High v. Department of the Army, 30 M.S.P.R. 441, 443-44 (1986) (seeking legal assistance not good cause); Thomas v. United States Postal Serv., 4 MSPB 9, 9-10 (1980) (same). Sainz has given no explanation for the three months his attorney, once hired, delayed in filing Sainz' motion to reopen. See Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982) (lack of attorney diligence not good cause).
 
 
 4
 On the present record, we are unable to conclude that the board's order denying Sainz' motion to reopen and dismissing his petition for review was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Phillips, 695 F.2d at 1390-91.