**G.K. PHILLIPS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**Appeal No. 30–81.**

United States Court of Appeals, Federal Circuit.

Dec. 23, 1982.

Leonard Leeds, Mineola, N.Y., argued for petitioner. With him on the brief was David S. Heller, Mineola, N.Y. Jack B. Solerwitz, Mineola, N.Y., was attorney of record.

Glenn E. Harris, New York City, argued for respondent. With him on the brief was Asst. Atty. Gen. J. Paul McGrath. Sherry A. Cagroli and Lori Joan Dym, Washington, D.C., of counsel.

Before FRIEDMAN, BALDWIN and NIES, Circuit Judges.

BALDWIN, Circuit Judge.

This appeal is from the Merit Systems Protection Board's (board) decision not to waive the regulatory time limit for filing an appeal from a removal action. The board determined that the appellant had not shown good cause for a waiver of the time limit and therefore dismissed the appeal. We affirm.

### Background

Mr. Phillips was officially removed from his position as a postal inspector for the United States Post Office on August 8, 1980. A decision letter from the board dated July 28, 1980, notified Mr. Phillips of the August 8 removal date and of his right to appeal within twenty days of the removal

date.[1] The decision letter further explained that Mr. Phillips would lose his right to appeal if he did not do so within the twenty-day time period. On September 3, 1980, six days after the time for appeal had expired, appellant's attorney posted a letter to the board appealing the August 8 removal.

The board informed Mr. Phillips' attorney that the appeal was untimely and of his client's right to submit evidence and arguments that would show good cause for waiving the regulatory time limit. To establish good cause for the delay, appellant's attorney submitted an affidavit stating that the decision letter was received by the attorney's law firm on August 4, 1980. The attorney reviewed the notice on August 10, 1980, upon his return from vacation and requested written documentation from Mr. Phillips regarding his defenses to the removal action. On August 16, 1980, Mr. Phillips sent an envelope containing the requested information by express mail post office to post office, although he knew the attorney's address. The envelope arrived at the appropriate post office on August 18 but the postal authorities did not contact Mr. Phillips' attorney until the end of August. The letter appealing Mr. Phillips' removal was posted after the Labor Day holiday on September 3, 1980.

## OPINION

Our consideration of this case is limited to whether the board's[2] decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (Supp. IV 1980). Appellant does not suggest that the board failed to follow appropriate procedures or that the procedures followed were unfair. There is no assertion that the board's determination was not supported by substantial evidence. Rather, appellant argues that the equities weigh so heavily in the appellant's favor that the board's decision should be reversed for being arbitrary or capricious.

■ Whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board. The statutory provisions for appeals to the board give the board broad discretion in handling appeals and controlling its own docket by requiring that appeals be processed in accordance with regulations pre-

---

1. 5 CFR 1201.22(b) (1980) provides in pertinent part:

    Filing of petitions for appeal and response.

    \* \* \* \* \* \*

    (b) Time of filing. Petitions for appeal must be filed anytime during the period beginning with the day after the effective date of the action being appealed until not later than 20 days of the effective date. \* \* \* The date of filing shall be determined by date of mailing indicated on the certified mail. If the filing is by personal delivery, it shall be considered filed on the date it is received in the field office.

2. Contrary to the requirements of 5 U.S.C. § 7703(a)(2), petitioner incorrectly designated the U.S. Postal Service as the respondent rather than the board. An employing agency is named as respondent when judicial review is sought of a board decision issued under 5 U.S.C. § 7701 which considers the merits of an employing agency's action. Here, only the board's decision not to hear an appeal from the employing agency's action is reviewed, not the action of the U.S. Postal Service. This does not, however, affect our standard of review which is set forth in 5 U.S.C. § 7703(c), *as* amended by Act of April 2, 1982, Pub.L. No. 97-164:

    (c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, finding, or conclusions found to be—

    (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (2) obtained without procedures required by law, rule, or regulation having been followed; or

    (3) unsupported by substantial evidence;

    \* \* \* \* \* \*

    This section refers to our authority to review and set aside "agency action," findings, or conclusions, without specifying that "agency action" includes action by the board apart from the merits of a case. However, in view of the above requirement to name the board as a respondent in some appeals brought under § 7703, we conclude that the term "agency" encompasses actions by the board as well as the employing agency.

scribed by the board. 5 U.S.C. § 7701(a) (1980). The board has issued regulations that require an appeal to be filed within twenty days of the date a removal action is effective. 5 CFR 1201.22(b) (1980). This twenty-day time period may be waived by a presiding official if good cause is shown, placing the burden on the appellant to show a reasonable excuse for a delay in filing an appeal. 5 CFR 1201.12 (1980).

■ The board has held that to establish good cause, the appellant need not show that it was impossible to file timely, only that the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised. *Alonzo v. Department of the Air Force,* MSPB DA0752089131 (November 24, 1980). After carefully considering the facts presented in the affidavit from Mr. Phillips' attorney, the board found that no adequate reason was presented to explain why a law firm that received notice on August 4, 1980, of the impending termination did not perfect an appeal by August 28, 1980. The inexcusable lack of diligence by appellant's attorney, as well as Mr. Phillips' carelessness in transmitting information to his attorney, were established by the affidavit rather than explained away.

When the attorney did not receive a timely reply from Mr. Phillips, all he had to do was make a telephone call to Mr. Phillips. If the attorney was unable to reach his client, he could have requested an extension of time from the board or file an appeal based upon the information he then had. Instead, he did nothing, and allowed the deadline for appealing to pass.

The board's dismissal of Mr. Phillips' appeal is a customary sanction which cannot be characterized as arbitrary or capricious on the basis of this record.

Appellant's attempt to analogize this case to cases involving a laches defense, where both unreasonable delay and prejudice to the party asserting laches must be shown, is not persuasive. Laches is an equitable defense separate from any statutory or regulatory time limitation. Here the government is simply requesting us to affirm the dismissal of this appeal because the decision not to hear the untimely appeal after the appellant failed to show good cause for the delay was not abuse of discretion.

For the foregoing reasons, the board's decision dismissing Mr. Phillips' appeal is *affirmed.*

AFFIRMED.