824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Russell L. VANCE, Petitioner,
v.
U.S. POSTAL SERVICE, Respondent.
 Appeal No. 87-3120.
 United States Court of Appeals, Federal Circuit.
 April 13, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board, Docket No. PH07528610358, dismissing the appeal of Russell L. Vance for untimeliness is affirmed.
 
 OPINION
 
 2
 The United States Postal Service (agency) removed Vance on two charges: the loss of three registered mail pouches containing substantial amounts of money and the falsification of his employment application. Although the effective date of the removal action was September 18, 1985, Vance, through his attorney, did not file an appeal with the Board until March 26, 1986. The Board provided Vance and his attorney with two opportunities to show cause why his appeal should not be dismissed for untimeliness. The sole submission in response was an undated letter in which Vance claimed his appeal was filed late because he was in prison and his medical condition prevented him from filing on time. No evidence was presented documenting any of Vance's unsworn statements. After finding that Vance had not established the existence of good cause for the waiver of the time limit, the Board dismissed the appeal because it was untimely.
 
 
 3
 Under 5 C.F.R. Secs. 1201.12, 1201.56(a)(2) and 1201.113(d) (1986), the Board has the discretion to waive the time limits during which Vance could file his petition for review. Upon reviewing the record and the total absence of documentation supporting Vance's contentions, the Board determined that Vance had not presented justifiable reasons for waiving the filing requirement. See Alonzo v. Department of the Air Force, 4 MSPB 262, 264 (1980). Our standard of review of such decisions is limited to determining whether the Board's decision was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Vance has failed to demonstrate any reversible error in the Board's decision.