824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tom H. MAPLES, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 Appeal No. 87-3118.
 United States Court of Appeals, Federal Circuit.
 June 16, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. AT04328211303, dismissing the petitioner's petition for review as untimely, is affirmed.
 
 OPINION
 
 2
 A. The petitioner was removed from his position with the Defense Logistics Agency (Agency) for unacceptable performance in August of 1982. See 5 U.S.C. Sec. 4303 (1982). He then filed a timely appeal to the Board, and, after conducting a full hearing, the presiding official sustained the removal. The presiding official's decision, dated May 4, 1983, informed the petitioner that the initial decision would become final on June 8, 1983, unless the petitioner filed a petition for review with the Board before that date.
 
 
 3
 The petitioner appealed to the Board on June 2, 1986, almost three years after the initial decision sustaining his removal had become final. He asserted that he had obtained new evidence showing that the Agency's decision to remove him was a result of fraud. The petitioner alleged that he had received in October of 1985, from an unknown source, a copy of the position performance standards for his former position at the Agency, and that this "new" document, which was dated February 12, 1982, established that the Agency had "improperly backdated the date he received his performance standards to December 12, 1981, in order to effect his separation for unacceptable performance under performance standards that were not in effect at the time his performance was evaluated." Maples v. Defense Logistics Agency, No. AT04328211303, slip op. at 3 (Oct. 31, 1986).
 
 
 4
 The Board ruled that the copy of the performance standards submitted by the petitioner was not "new evidence" because it had been available prior to the close of the record in the initial decision sustaining his removal, and that the petitioner had failed to demonstrate why he had not obtained such evidence prior to October of 1985. The Board held, moreover, that "[e]ven assuming that [the petitioner] had exercised due diligence in obtaining his proffered evidence as of October 1985, he was obligated further to exercise due diligence in pursuing his appeal to the Board in a timely manner once he had good reason to believe he had a basis to petition for review." Id. at 5. Since the petitioner waited seven months after allegedly discovering this new evidence before filing an appeal, the Board concluded that the petitioner had not exercised due diligence and therefore dismissed his petition for review as untimely.
 
 
 5
 B. Under 5 C.F.R. Sec. 1201.113(a), an employee has 35 days to file a petition for review of a presiding official's decision with the Board. This time limit will be waived only where the petitioner can show good cause for delay. 5 C.F.R. Sec. 1201.12; see also 5 C.F.R. Sec. 1201.56(a)(2) (burden is on appellant to show timeliness of petition for review).
 
 
 6
 "Whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board." Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). This court's review of the Board's determination that a petition for review is untimely "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." Id.
 
 
 7
 The Board did not abuse its discretion in refusing to waive the time limit for filing an appeal in the present case. The petitioner waited almost three years from the date the initial decision became final to file his petition for review. Even accepting the petitioner's assertion that he received new information regarding his case in October of 1985, the petitioner has presented no explanation why he failed to file an appeal with the Board until June of 1986. Without any plausible explanation for this seven-month delay, the Board was justified in its refusal to waive the time limit for filing an appeal.
 
 
 8
 C. The petitioner recently submitted a request, dated April 30, 1987, asking that this court decline to review his case and that he be granted a retrial. The petitioner alleges that the presiding official has "reversed his opinion regarding his decision" sustaining the removal and has suggested to the petitioner that he request a retrial because the presiding official "was tricked into making bad decisions with the fraud and forgery by the agency." The petitioner has presented no evidence, however, to support his allegations of fraud. If the petitioner wishes to pursue this claim, he should do so before the Board, which may reopen the petitioner's case if the petitioner can substantiate his allegations. 5 C.F.R. Sec. 1201.117.