838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John M. MATUSAVAGE, Petitioner,
v.
GENERAL SERVICES ADMINISTRATION, Respondent.
 No. 85-2454.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1988.
 
 Before NIES, ARCHER and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 John M. Matusavage seeks review of the final order of the Merit Systems Protection Board, Docket No. PH07528210274, dismissing as untimely his petition for review of the presiding official's initial decision dismissing his appeal. We affirm.
 
 OPINION
 
 2
 Matusavage timely appealed to the MSPB his removal from his position as a Federal Protective Officer for the Federal Protective Service. Because Matusavage failed to appear at the scheduled hearing the presiding official ordered him to show cause why his appeal should not be dismissed. In response Matusavage asserted that he had received a phone call from an unidentified female on the morning of the hearing informing him that the hearing had been cancelled. The presiding official rejected that excuse and dismissed the appeal on May 12, 1982 for failure to prosecute. The presiding official's decision informed Matusavage that the initial decision would become the final decision of the board on June 16, 1982, unless he filed a petition for review with the full board before that date.
 
 
 3
 Matusavage submitted a petition for review to the full board addressing the merits of his removal on October 29, 1984, two years and four months after the initial decision sustaining his removal had become final. The board provided Matusavage with an opportunity to show cause why his petition should not be dismissed as untimely filed. Matusavage asserted he had obtained new and material evidence relating to the merits of his removal that was not previously available at the time of his removal and he reiterated his contention that an unidentified female had cancelled his hearing before the presiding official. The board denied the petition as untimely filed.
 
 
 4
 Petitions to the board for review of an initial decision must be filed within thirty-five days of the issuance of the initial decision. 5 C.F.R. Sec. 1201.114(d) (1987). The board may, however, waive that time limit in an individual case upon a showing of good cause. 5 U.S.C. Sec. 7701(e) (1982); 5 C.F.R. Secs. 1201.12, 1201.113(d), 1201.114(f) (1987); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed. Cir.1982). The burden was on Matusavage to demonstrate good cause for his delay in filing the petition. 5 C.F.R. Sec. 1201.56(a)(2) (1987). "Whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board." Phillips, 695 F.2d at 1390. This court's review of the board's determination that a petition for review is untimely "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." Id.
 
 
 5
 The board did not abuse its discretion in refusing to waive the time limit for filing a petition for review in the present case. Matusavage waited over two years from the date the initial decision became final to file his petition. Even accepting Matusavage's assertion on appeal that he received "new information" regarding his removal, we note that the presiding official's decision did not address the merits of Matusavage's removal, but rather, dismissed his appeal for failure to prosecute. As that new information was unrelated to the grounds for the presiding official's decision, the board was fully justified in refusing to waive for good cause shown the time limit for filing the petition. Matusavage's other excuses for the late filing of his petition were merely arguments why he believed the presiding official's decision was in error and did not relate to the issue of whether he established good cause for the board to consider those untimely arguments. The board did not abuse its discretion in refusing to do so.
 
 
 6
 If we were to treat petitioner's appeal as an attempt to have us review directly the presiding official's decision of June 16, 1982, dismissal would be required. An appeal would have had to have been taken within thirty days of that date to invoke the jurisdiction of this court. 5 U.S.C. Sec. 7703(b)(1) (1982).
 
 
 7
 Since the only issue properly before us is the propriety of the board's action in dismissing Matusavage's petition as untimely, Matusavage's arguments relating to the merits of his removal cannot be considered.