846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry N. HAALAND, Petitioner,
v.
DEPARTMENT OF ENERGY, Respondent.
 No. 87-3510.
 United States Court of Appeals, Federal Circuit.
 March 16, 1988.
 
 Before EDWARD S. SMITH, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. DE04328610502, dismissing Larry N. Haaland's (Haaland) petition for review of the board's initial decision, is affirmed.
 
 OPINION
 
 2
 Haaland appealed the Department of Energy's (agency) decision to remove him. The administrative judge (AJ) upheld the agency's decision in an opinion dated January 15, 1987. The AJ's decision informed Haaland of his appeal rights and stated that the petition for review had to be filed with the board on or before February 19, 1987. Haaland's petition for review was not filed until February 24, 1987. Haaland filed a motion for waiver of the filing deadline with his petition for review. In it, Haaland's attorney stated that he miscalculated the number of days for filing the petition, that this was his first case involving the board, and that the person responsible for recording filing deadlines failed to do so and was out of the office until after the deadline had passed. He also stated that Haaland would be prejudiced if the petition was not accepted, and there would be no prejudice to the agency if it was accepted.
 
 
 3
 The time limit for filing a petition for review may be extended for good cause shown. See 5 C.F.R. Sec. 1201.114(e) and (f) (1987). The burden is on the petitioner to demonstrate good cause for the delay in filing. 5 C.F.R. Sec. 1201.56(a)(2)(ii) (1987). Whether the time limit should be waived is a matter committed to the board's discretion, and this court will not substitute its own judgment for that of the board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). The board considered Haaland's reasons for the late filing, but found them to be insufficient to show good cause. We cannot say that the board abused its discretion in so finding. Therefore, we must affirm the board's decision because it was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, obtained without procedures required by law, rule, or regulation having been followed, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1982); see Phillips, 695 F.2d at 1390 n. 2.