847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clifford R. SCHUMACHER, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 No. 87-3473.
 United States Court of Appeals, Federal Circuit.
 April 26, 1988.
 
 Before RICH, NIES and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. PH07528710011, sustaining the suspension of petitioner by the David Taylor Naval Ship Research and Development Center (agency) for use of a government vehicle for nonofficial purposes is vacated and the case is remanded.
 
 OPINION
 
 2
 Under 31 U.S.C. Sec. 1349(b), "An officer or employee who willfully uses or authorizes the use of a passenger motor vehicle ... owned or leased by the United States Government (except for an official purpose authorized by section 1344 of this title) ... shall be suspended without pay by the head of the agency ["for at least one month"]." (Emphasis added.) The term "willfully" has been interpreted as meaning that a supervisor "knew or should have known that the use of the vehicle ... would be held to constitute use for a nonofficial purpose or that [the supervisor] acted in reckless disregard of whether the use was or was not for an official purpose." Felton v. EEOC, 820 F.2d 391, 394 (Fed.Cir.1987). In a conclusory decision, the board here said that petitioner "at the least, operated with reckless disregard as to whether his use of the vehicle was for official purposes."
 
 
 3
 We cannot tell how this finding was reached. The government argues to the contrary, but there is some indication that there is a "public service exception" to section 1349(b) and the board noted testimony by the agency director to this effect. But we are left to guess about the existence and parameters of this exception and whether petitioner's activity, participation in a study sponsored by the National Institutes of Health, might fall into it. Presumably, if an exception exists and if petitioner reasonably believed his activity qualified for the exception, he could not be found to have violated the statute. See Felton, 820 F.2d at 394. On remand, if the board determines that a public service exception exists, it will be important for it to consider the activities, if any, for which the agency has granted exceptions in the past.
 
 
 4
 Much is also made of Schumacher's failure to secure permission to use the car. The agency director testified that "while there is a public service exception for the possible use of a government vehicle for other than strictly official duties, [petitioner's] use did not fall into that category as he had not obtained prior or subsequent approval to use the vehicle for the purposes he had used it." The failure to obtain approval, however, may only be a factor in the determination of whether petitioner willfully used a government vehicle for a nonofficial purpose. On the other hand, it may be of little or no significance to this determination. It is conceivable that one could use a government car for an official purpose without obtaining the required permission. Failure to obtain permission may only indicate that he did not abide by the procedures for requisitioning a car, an offense not charged here, and not necessarily that he willfully used a government car for a nonofficial purpose.
 
 
 5
 Our review of board decisions is limited. 5 U.S.C. Sec. 7703(c); see Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). But we must be given more than this to conduct a meaningful review, particularly where violation of the statute carries nondiscretionary minimum penalties. Accordingly, the decision of the board is vacated and the case is remanded for further factual development and legal analysis sufficient for judicial review.
 
 COSTS
 
 6
 No costs.