856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
E. Don PAYNE, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 88-3084.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1988.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and EDWARD D. RE, Chief Judge.*
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 E. Don Payne (petitioner) appeals the decision, No. SF07528610581-1, of the Merit Systems Protection Board (board), denying his petition for review of the initial decision which held that petitioner failed to show good cause for untimely filing of his appeal. We affirm.
 
 OPINION
 
 2
 Petitioner was twice the subject of a reduction-in-force (RIF). He appealed the first RIF, and was eventually reinstated when the Department of the Interior (agency) rescinded the RIF. Shortly thereafter petitioner was removed under the second RIF, purportedly due to lack of work. Petitioner then filed for attorney fees incurred as a result of the first appeal. Petitioner did not appeal the second RIF.
 
 
 3
 In opposition to petitioner's attorney fee petition, the agency submitted affidavits which suggested that the real reason for petitioner's removal was his refusal to perform his duties. This affidavit was received by petitioner's counsel in the first week of July, 1985.
 
 
 4
 The Administrative Judge found that the effective date of petitioner's removal for purposes of determining the timeliness of his appeal was June 27, 1985, the date the government filed its response to petitioner's attorney fee petition, and that petitioner did not file his appeal until March 11, 1986. Good cause for this delay was not found.
 
 
 5
 Petitioner argues that the board erred in not finding the effective date of his removal to be the July 1985 date he received the agency's attorney fee response, and that the appeal filing date was actually August 15, 1985, the date he filed his response to the board's record closing order in the attorney fee proceeding. Petitioner then argues that either the August 1985 or the May 1986 filing dates were timely because the board erred in deciding that good cause was not shown.
 
 
 6
 Our review of agency decisions is limited. Unless we find the decision 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, 2) obtained without procedures required by law, rule, or regulation having been followed, or 3) unsupported by substantial evidence, the board's decision must be sustained. 5 U.S.C. Sec. 7703(c) (1982); Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). Similarly, a determination that good cause for a late filing has not been shown is a matter "committed to the board's discretion and this court will not substitute its own judgment for that of the board." Id.
 
 
 7
 Petitioner has pointed to nothing in the record or the Administrative Judge's decision which leads us to conclude that the dates used were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. Phillips, supra. In addition, petitioner presented nothing which leads us to conclude that the board abused its discretion in determining that good cause did not exist to waive the twenty day statutory time limit for removal appeals. See 5 C.F.R. Sec. 1201.22(b). We are unpersuaded that an attorney whom the Administrative Judge described as well-versed in board practice was confused by the posture of the case, or that petitioner was unaware of his appeal rights.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation