932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. CAHILL, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3072.
 United States Court of Appeals, Federal Circuit.
 April 9, 1991.
 
 Before MICHEL, CLEVENGER, Circuit Judges, and BENNETT, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Thomas E. Cahill, Jr. (Cahill) petitions for review of a final decision of the Merit Systems Protection Board (Board) affirming his removal from the United States Postal Service (Postal Service). We affirm.
 
 OPINION
 
 2
 By notice dated January 18, 1990, the Postal Service informed Cahill that it proposed to remove him from his position as a mailhandler. The Postal Service invoked 5 U.S.C. Sec. 7513(b)(1) (1988), which allows action without 30 days advance notice in cases where there is reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment could be imposed.
 
 
 3
 The Board accepted the facts set forth in the notice as follows. On January 17, 1990, Cahill ended his tour of duty and proceeded to the rear dock area where his private automobile was parked. He was approached by Postal Inspector Thomas Lambert, Jr. (Lambert), who showed his badge and said "Hold on, I want to talk to you." Cahill started his car and attempted to back up. Detective Peter Keegan (Keegan) then approached Cahill, identified himself as a police officer, and commanded Cahill to stop. Cahill began to drive forward. Lambert then commanded Cahill to stop, and Cahill motioned "no" with his head and continued driving forward. Lambert had to jump out of the path of the vehicle to avoid being hit. Keegan again approached the vehicle, opened the door, reached in and attempted to stop the vehicle. Cahill still refused to stop, dragged Keegan about ten feet, then drove out of the parking lot and onto Interstate 84. Cahill was later arrested at his residence and charged with assault in the third degree, assault on a peace officer and interfering with an officer.
 
 
 4
 The Board found that "[t]he assault charge was based on a November 28, 1989 incident for which the [Postal Service] had already imposed discipline and the other charges related to the incidents occurring on January 17, 1990." On February 14, 1990, Cahill pled guilty to disorderly conduct and breach of peace. He paid a fine of $75 for disorderly conduct and a fine of $200 for breach of peace, resolving all the charges against him.
 
 
 5
 The Board sustained Cahill's removal, finding that the Postal Service had reasonable cause to believe that Cahill had committed a crime for which a term of imprisonment could be imposed. 5 U.S.C. Sec. 7513(b)(1). We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by law, rule or regulation, or unsupported by substantial evidence. Bradbie v. EEOC, 705 F.2d 1331 (Fed.Cir.1983); Shaw v. U.S. Postal Service, 697 F.2d 1078 (Fed.Cir.1983); Phillips v. U.S. Postal Service, 695 F.2d 1389 (Fed.Cir.1982); 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 We find no basis for reversing the Board's finding that the Postal Service had proven the facts described in the notice. That finding was "[b]ased on the unrebutted testimony of Lambert, the corroboration of the contemporaneous investigative report filed on January 18, 1990 ... and [Cahill's] almost total lack of recall."
 
 
 7
 Before the Board, the Postal Service presented evidence that the charge of disorderly conduct may carry a penalty of up to three months imprisonment and that the charge of breach of peace carried a penalty of up to six months in jail. We conclude the Board's finding that the Postal Service had reasonable cause to believe that Cahill had committed a crime for which a term of imprisonment could be imposed is supported by substantial evidence.
 
 
 8
 In connection with Cahill's allegation that his removal was in reprisal for union activities, the Board found that Cahill "failed to present any evidence of nexus" between the adverse action and a retaliatory motive. As part of his defense, Cahill was required to show such a connection. See Rockwell v. Department of Commerce, 39 MSPR 217, 222 (1988). Because the record reflects no evidence of nexus, we find no basis for reversal of the Board's finding.
 
 
 9
 Having duly considered and rejected Cahill's other arguments on appeal, we affirm the decision of the Board.