945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Antonio A. GERWA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3207.
 United States Court of Appeals, Federal Circuit.
 Sept. 6, 1991.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Antonio A. Gerwa appeals the final decision of the Merit Systems Protection Board (Board) dismissing his appeal to the Board on the grounds that it was untimely filed. Gerwa v. Office of Personnel Management, Docket No. SE08319010506 (Feb. 8, 1991). We affirm.
 
 OPINION
 
 2
 Gerwa applied to the Office of Personnel Management (OPM) for retirement annuity benefits under the Civil Service Retirement System on September 20, 1989. OPM denied his application because he had not provided any evidence that he ever was employed by the U.S. Government. Upon Gerwa's request for reconsideration, OPM repeated its denial, and notified him that he could appeal the OPM decision to the Board. He was informed that if he elected to appeal, he must file the appeal within 25 days, i.e., by Tuesday, May 29, 1990.
 
 
 3
 More than five weeks after May 29, 1990, Gerwa untimely appealed the reconsideration decision to the Board, thereby setting off a chain of events well described in the Government's brief to this court:
 
 
 4
 The administrative judge issued an acknowledgement order on July 23, 1990, advising the petitioner [Gerwa] that if there was a question regarding timeliness or jurisdiction, he had the burden to file evidence and argument showing that the appeal was timely filed or that good cause existed for the delay. The petitioner submitted a letter in response to the acknowledgement order, but he did not address the timeliness issue. After the agency filed a motion to dismiss the appeal on the grounds of untimely filing, the administrative judge issued a show cause order to the petitioner on August 17, 1990, ordering him to file evidence within 30 days showing that the appeal was timely filed or that good cause existed for the delay. The petitioner was reminded in the show cause order that the record would close on September 25, 1990, and that only evidence which was new and material would be taken after that date.
 
 
 5
 In his response to the show cause order, the petitioner submitted a letter to the administrative judge which discussed the merits of the appeal but failed to address the timeliness issue. Two additional letters were received from the petitioner which again discussed the merits of the appeal but ignored the timeliness question. The administrative judge issued an initial decision finding that the petitioner failed to show good cause for the delay and dismissing the appeal as untimely. Even an additional letter filed by the petitioner in response to the initial decision failed to address the timeliness issue. At no time did the petitioner discuss or offer any reasons to show good cause for the delay in filing his appeal.
 
 
 6
 Informal Brief for Appellee at 2-3 (citations omitted).
 
 
 7
 In his appeal to the Board from the initial decision, Gerwa for the first time, speaking through his representative, claimed that the untimeliness of his appeal, which he admitted, was due to his having been away from home where he could not be reached, due to unspecified economic conditions beyond his control.
 
 
 8
 The Administrative Judge applied the standards set forth in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), and correctly dismissed Gerwa's appeal because it was untimely filed and because Gerwa made no effort to explain or justify the untimeliness. The Board correctly denied Gerwa's petition for review because, under its regulations, it could consider Gerwa's newly alleged facts only if those facts were unavailable, despite due diligence, when the record was closed before the Administrative Judge. 5 C.F.R. § 1201.115(c)(1) (1991); see Szczerbiak v. United States Postal Service, 3 M.S.P.B. 82 (1980). We will not disturb the exercise of the Board's discretion to determine whether the requirements for waiver of the time limits on appeals have been met. See Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). We therefore affirm the final decision of the Board.