6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Francisco PEDROZA, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3120.
 United States Court of Appeals, Federal Circuit.
 Sept. 7, 1993.
 
 Before LOURIE and RADAR, Circuit Judges, and WOODS*, District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Francisco Pedroza petitions for review of the July 16, 1992 initial decision of the Administrative Judge (AJ), Docket No. DA-0752-91-0726-C-1, denying his petition to enforce a settlement agreement between Mr. Pedroza and the Department of the Army. The AJ's decision became final when the Merit Systems Protection Board denied review on November 20, 1992. We affirm.
 
 DISCUSSION
 
 2
 In July 1991, Mr. Pedroza was removed from his position as a meat cutter at Fort Bliss, Texas. He filed a petition for review of his removal with the Board. On November 1, 1991, the parties entered into a settlement agreement, and the Board subsequently dismissed the pending action. The settlement agreement provided, inter alia, that Mr. Pedroza submit to Mr. Edgar Guerry a list of jobs at Fort Bliss for which he wanted to be considered, along with a SF-171 form, and that the agency would make a good faith effort to find a position for him. The agreement stated that "the Agency's obligation [ending on April 30, 1992] under this agreement does not guarantee that he will be hired at Fort Bliss."
 
 
 3
 Mr. Pedroza filed a petition for enforcement, alleging that the agency had not made a good faith effort to comply with the terms of the settlement agreement. The AJ found that although the agency did not make Mr. Pedroza an offer during the relevant time period, the record confirmed that the agency made a good faith effort to do so. Based upon the uncontroverted affidavit of Mr. Guerry, the AJ found that Mr. Guerry promptly submitted Mr. Pedroza's SF-171 form and list of jobs to Mr. Fierro in the Recruitment and Placement Division. The AJ also determined that Mr. Fierro promptly circulated that information to the staffing teams and requested that Mr. Pedroza be considered for any available positions.
 
 
 4
 We review the Board's decision under a narrow standard, affirming unless the decision was (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 On appeal Mr. Pedroza reasserts that the agency acted in bad faith in failing to offer him a position. The agency produced evidence, the affidavits of Mr. Guerry and Mr. Fierro, in support of its good faith compliance with the agreement. See Perry v. Department of Army, 992 F.2d 1575 (Fed.Cir.1993) (agency charged with failing to comply with settlement agreement has burden of producing evidence showing that agreement has been satisfied). The record evidence supports the conclusion that the agency met its burden, and Mr. Pedroza has failed to point to any evidence to the contrary.
 
 
 6
 Mr. Pedroza also argues that the Board erred in its decision not to strike as untimely the agency's response to his motion for enforcement. Given that the agency was only one day late in filing its response, and that Mr. Pedroza did not show that he was prejudiced by the delay, we cannot say that the Board abused its discretion in permitting the agency to respond. See Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 
 *
 Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation