17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richard A. MURPHY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3493.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1994.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Murphy seeks review of the final decision of the Merit Systems Protection Board (MSPB), Docket No. CH-0752-93-0465-I-1. The administrative judge held that Mr. Murphy's appeal to the MSPB was untimely. Because neither party filed a petition for review, the initial decision became the Board's final decision on August 4, 1993. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 * Mr. Murphy was removed from his position as construction representative with the Department of the Army, effective October 16, 1992. The agency's notice of decision informed Mr. Murphy that his appeal with the MSPB had to be filed not later than 20 days after the effective date of his removal or by November 5, 1992. He was also provided with copies of the MSPB Board rules and regulations, but he did not file his appeal to the MSPB until June 4, 1993, nearly eight months later. He was informed by the administrative judge that his appeal would be dismissed, unless he could show by preponderance of the evidence that good cause existed for the delay. He responded that the appeal was untimely because he was suffering from "severe depression and was mentally and physically incapable of constructively addressing and analyzing the actions taken against him." His appeal was supported by his own affidavit and the statements of two acquaintances.
 
 II.
 
 3
 Under 5 C.F.R. Secs. 1201.12, 1201.22(c) (1993), the time limit for filing an appeal may be waived by the presiding official if good cause is shown. The burden is on the employee to establish that the delay was excusable under the circumstances in which diligence or ordinary prudence had been exercised. See Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980).
 
 
 4
 Mr. Murphy relied on two decisions of the MSPB in which the Board waived the filing deadline on the basis of medical reports. Here, as the administrative judge found, Mr. Murphy provided no medical documentation in support of his appeal, nor did he present any evidence that he sought treatment for his condition. The administrative judge held that in the absence of some medical documentation, Mr. Murphy's presentations were insufficient to establish that he was prevented from timely filing his appeal, or that there was good cause for waiver of the time limit.
 
 III.
 
 5
 This court has frequently held that because waiver of the regulatory time limit is a matter committed to the Board's discretion, the court will not ordinarily substitute its judgment for that of the Board. See Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). Because Mr. Murphy has not shown that the MSPB abused its discretion, or that its decision was arbitrary or capricious, we conclude that there are no grounds which require a reversal of the MSPB decision.