61 F.3d 918
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jay D. PYLES, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 95-3169.
 United States Court of Appeals, Federal Circuit.
 July 5, 1995.
 
 Before RICH, NIES, and MICHEL, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Jay D. Pyles (Pyles) seeks review of the January 3, 1994 Initial Decision of the Merit Systems Protection Board's (Board) Administrative Judge (AJ), Docket No. SF-1221-93-0820-W-1, denying his request for corrective action based on petitioner's contention that he was removed from his position as an Auditor for the Department of Defense (agency) at its South Bay Branch Office, Gardena, California for whistleblowing. The AJ's decision became the final decision of the Board on November 17, 1994 when the Board denied Pyles' petition for review of the Initial Decision. We affirm.
 
 DISCUSSION
 
 2
 Pyles filed an individual right of action (IRA) appeal of the agency decision which removed him effective February 17, 1993 based on a charge of absence without leave (AWOL). His request for corrective action was denied by the Board.
 
 
 3
 In his IRA appeal, Pyles contended that his removal was in reprisal for alleged whistleblowing. In order to prove an allegation of reprisal for whistleblowing activities under the Whistleblower Protection Act of 1989, Pyles must demonstrate by a preponderance of the evidence that a disclosure described under 5 U.S.C. Sec. 2302(b)(8) (1988) was a contributing factor in the action taken against him. However, even if Pyles met his burden of proving that such a disclosure was a contributing factor in his removal, the Board will not order corrective action if the agency proves by clear and convincing evidence that it would have taken the same action in the absence of the disclosure. 5 U.S.C. Sec. 1221(e)(2) (1988).
 
 
 4
 The agency charged Pyles with being AWOL from June 29, 1992 through October 21, 1992 and with failing to respond to the agency's September 2, 1992 letter directing him to return to duty. The AJ found that Pyles was AWOL from July 5, 1992 through October 2, 1992 and that Pyles failed to respond to the agency's September 2 letter. The AJ also found that Pyles failed to show that he had been granted Administrative Leave, as he had alleged. The AJ sustained the agency's charge of AWOL finding the agency had presented clear and convincing evidence that it would have removed Pyles in the absence of any alleged whistleblowing activities.
 
 
 5
 After considering, inter alia, the seriousness of the offense, Pyles' potential for rehabilitation, and Pyles' past disciplinary record which included a 2-day suspension for being AWOL, the AJ found that the sustained charge and circumstances warranted Pyles' removal.
 
 
 6
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 11
 The Board's decision was not arbitrary, an abuse of discretion, or otherwise not in accordance with law. See Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed. Cir. 1982). The Board properly concluded that the agency had shown by clear and convincing evidence that it would have removed Pyles regardless of any alleged whistleblowing. Accordingly, the decision of the Board is affirmed.