73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Vincent J. LaCROSS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3529.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1995.
 
 Before RICH, MAYER, and BRYSON, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Vincent J. LaCross (petitioner) seeks review of the December 28, 1994 Initial Decision of the Merit Systems Protection Board's (Board) Administrative Judge (AJ), Docket No. PH-3443-94-0681-I-1, dismissing for lack of jurisdiction petitioner's August 31, 1994 appeal contending that the United States Postal Service's (agency) refused to correct his individual retirement records to show that his position should be Supervisor of Mails and Delivery, EAS-15. The AJ's decision became the final decision of the Board on February 1, 1995 when the period for filing a petition for review of the Initial Decision expired. We affirm.
 
 DISCUSSION
 
 2
 Petitioner retired from federal service on October 27, 1977. In his 1994 appeal, petitioner sought to have his individual retirement records corrected based on the action ordered by the Equal Employment Opportunity Commission in a January 25, 1990 decision. Petitioner contends that because of the agency's refusal to correct his records, he is being denied his rightful retirement benefits.
 
 
 3
 On September 6, 1994, the AJ issued an Acknowledgment Order requiring petitioner to submit evidence and argument that the Board had jurisdiction over petitioner's appeal. Subsequently, on September 14, 1994, the agency filed a motion to dismiss petitioner's appeal on, inter alia, jurisdictional grounds.
 
 
 4
 In the Initial Decision, the AJ found that the Board lacked jurisdiction over petitioner's appeal because petitioner is not a preference-eligible employee who has completed 1 year of current continuous service. As a result, petitioner does not meet the statutory definition of an employee for appeal. Petitioner appealed that decision to this court.
 
 
 5
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1994).
 
 
 10
 According to 5 U.S.C. Sec. 7511(a)(1)(B)(ii), for purposes of appeal an employee must be:
 
 
 11
 (B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions--
 
 
 12
 (ii) in the United States Postal Service or Postal Rates Commission.
 
 
 13
 5 U.S.C. Sec. 7511(a)(1)(B)(ii) (1994).
 
 
 14
 It is undisputed that petitioner retired in 1977. Therefore, petitioner cannot have completed one year of current continuous service, as required by statute. As a result, petitioner is not an employee entitled to appeal rights and the Board does not have jurisdiction over his appeal.
 
 
 15
 The Board's decision was not arbitrary, an abuse of discretion, or otherwise not in accordance with law. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982). Accordingly, the decision of the Board must be affirmed.