91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul S. LANGA, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3709.
 United States Court of Appeals, Federal Circuit.
 April 16, 1996.
 
 Before RICH, NEWMAN, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Paul S. Langa (Langa) petitions for review of a decision of the Merit Systems Protection Board (Board), Langa v. United States Postal Serv., dated 22 March 1995 in Docket No. NY-0752-94-0257-I-2. The 22 March decision became the final decision of the board on 27 June 1995 when the Board declined to review it. In the decision, the administrative judge dismissed Langa's appeal for lack of jurisdiction since Langa had voluntarily retired from his position with the Postal Service. We affirm.
 
 BACKGROUND
 
 2
 This is another case stemming from the 1992-1993 restructuring of the Postal Service initiated by Postmaster General Marvin Runyon. In August 1992, the Postal Service "announced that it would undergo a nationwide 'restructuring' that would affect '30,000 overhead positions ..., including about 40 percent of the Postal Career Executive Service.' " Slip op. at 2 (quoting Marvin Runyon, Postmaster General, Newsbreak, Aug. 7 1992, at 2). It announced that employees eligible for optional retirement, which included Langa, also a preference eligible, would receive a lump-sum incentive payment of six months' pay if they elected to retire by 3 October 1992.
 
 
 3
 Langa decided to accept the Postal Service's offer. At the time, he held the position of Field Director, Human Resources, in New Brunswick, New Jersey. His grade was Postal Career Executive Service, level 1. On 17 September 1992, he signed a retirement application to be effective 2 October 1992. Langa attached an addendum to his application in which he advised the Postal Service that he was retiring under duress and was unable to make an informed decision due to a lack of necessary information concerning what position, if any, he would occupy in the Postal Service's new structure.
 
 
 4
 On 30 September 1992, the Postal Service extended the deadline for employees to retire and receive the retirement incentive payment to 20 November 1992. The reason stated by the Postal Service for extending the deadline was to give employees additional time in which to obtain more information. Langa opted not to take advantage of the extension, and he retired effective 2 October 1992.
 
 
 5
 On 16 March 1994, Langa filed an appeal alleging involuntary retirement from the Postal Service. After Langa waived a hearing, the Board, on the record, dismissed his appeal for lack of jurisdiction, finding that his retirement was voluntary. The full Board subsequently denied Langa's petition for review, and the Board's initial decision became final. Langa now appeals the Board's decision to this court.
 
 DISCUSSION
 
 6
 Our review of Board decisions is defined and limited by statute. We must affirm the Board's decision unless it is:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. § 7703(c) (1994); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 11
 Langa asserts that the Postal Service failed to inform him of his reduction-in-force (RIF) rights, thereby converting his retirement into an improper adverse action. Further, Langa asserts that his retirement was involuntary because of misrepresentation and coercion by the Postal Service. The Postal Service asserts that the Board correctly found that Langa's decision to retire and accept the monetary incentive was voluntary, being neither obtained by agency misinformation or deception, nor extracted through coercion or duress.
 
 
 12
 We find no reversible error in the Board's holding that Langa voluntarily retired. First, we find no reversible error in the Board's holding that Langa's retirement did not result from any improper RIF action. It is of no moment that the Board, in other decisions, has determined that the nationwide restructuring of the Postal Service that occurred after Langa retired constituted a RIF. See Brown v. United States Postal Serv., 58 M.S.P.R. 345 (1994); see also Robinson v. United States Postal Serv., 63 M.S.P.R. 307 (1994); White v. United States Postal Serv., 63 M.S.P.R. 299 (1994). At the time Langa retired, the Postal Service had not carried out any RIF actions against him. We see nothing improper about the Postal Service's incentive program, which attempted to increase the attrition rate to avoid having to go through a RIF. Therefore, although the Board has now determined that the Postal Service did eventually go through a RIF, when Langa accepted the Postal Service's incentive offer, he was still holding the position of Field Director, Human Resources, in New Brunswick. The Postal Service had not assigned him or proposed to assign him to a new position, proposed to separate him, or taken any other adverse action against him. Second, we agree that Langa's retirement was not the result of misrepresentation or coercion by the Postal Service. As the Board stated, "The mere fact that [Langa] was faced with the unpleasant choice of accepting the agency's incentive payment and retiring, or foregoing the payment and facing an uncertain future, does [not]* make his decision to retire involuntary." Slip op. at 6 (citing Christie v. United States, 518 F.2d 584, 587-88 (Ct.Cl.1975); Nies v. United States Postal Serv., 32 M.S.P.R. 510, 512 (1987)). Langa's decision not to take advantage of the Postal Service's extension of the time to decide whether to accept the retirement incentive also undercuts his claim that he was coerced into retirement and did not have enough time to decide what to do. Additionally, Langa has failed to convince us that the Postal Service objectively misled or deceived him even though some of its predictions did not come to pass. The Postal Service did not provide information to Langa that was incorrect at the time he received it, and it appears that Langa knew as much about his future as the Postal Service knew. Consequently, the Board did not reversibly err.
 
 
 
 *
 The context of the initial decision makes it clear that this is what the Board intended