95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steven J. PEPE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3223.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1996.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven J. Pepe seeks review of the decision of the Merit Systems Protection Board (Board), Docket No. AT0752951206-I-1 (March 14, 1996), dismissing his petition as being untimely. We affirm.
 
 
 2
 * On July 25, 1995, the Department of Veterans Affairs (the agency) notified Mr. Pepe by letter that he would be removed from his position as Nursing Assistant effective July 26. The letter explicitly notified Mr. Pepe that he was entitled to appeal the agency action to the Merit Systems Protection Board within thirty calendar days. By a letter dated July 31, Mr. Pepe sought confirmation from the agency that the removal decision was not a clerical error. Mr. Pepe received this confirmation via a letter from the agency dated August 14.
 
 
 3
 On September 11, Mr. Pepe filed an appeal with the Board. Because Mr. Pepe's appeal was filed more than thirty days after his removal on July 26, the Board's administrative judge (AJ) ordered him to show that good cause existed for the delay. After considering Mr. Pepe's evidence and arguments, the AJ dismissed the appeal as being untimely. The AJ's initial decision became final when the Board denied Mr. Pepe's petition for review. Mr. Pepe now appeals the Board's decision, which we have jurisdiction to review pursuant to 28 U.S.C. § 1295(a)(9) (1994).
 
 II
 
 4
 In situtations where an appeal is filed late, the Board may waive the filing deadline if the appellant demonstrates that he exercised due diligence or ordinary prudence. See 5 C.F.R. §§ 1201.22(c) (1995); Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982). The waiver of the time limit for filing is a matter committed to the Board's discretion, which we review only for an abuse of discretion. See Phillips, 695 F.2d at 1390. On appeal, as before the AJ, Mr. Pepe contends that the agency acted in bad faith by not responding faster to his confirmation request. Consequently, he argues that he should be afforded thirty days from the date he eventually received confirmation that his removal was not a clerical error. We find no abuse of discretion in the Board's rejection of these arguments.
 
 
 5
 We first address Mr. Pepe's contention that the agency acted in bad faith by failing to respond faster to his confirmation request. Mr. Pepe's letter seeking confirmation stated: "Although legal action is unpleasant and probably not necessary, I have directed [my attorney] to pursue this legal avenue if I do not hear from you within the next three days." This statement threatening imminent suit belies Mr. Pepe's claim that his delay was caused by the agency's delay in responding. Moreover, the agency could reasonably presume that Mr. Pepe was not waiting for its response prior to filing his appeal with the Board. Therefore the agency did not engage in a bad faith attempt to thwart Mr. Pepe's appeal.
 
 
 6
 We next address Mr. Pepe's argument that he should be afforded thirty days for filing from the date he received confirmation from the agency. The agency's first letter notifying Mr. Pepe of his removal specifically apprised him that "[i]f you appeal to the Merit Systems Protection Board, your appeal must be in writing and must be filed with the Board no later than 30 calendar days after the effective date of this action." (emphasis in original). As a result of this letter, Mr. Pepe was clearly on notice that his appeal must be filed within thirty days of the July 26 effective date of his removal--in other words, by August 25. Even after Mr. Pepe received confirmation from the agency by letter dated August 14, several days remained prior to the August 25 deadline. Despite the fact that he had no reason to believe that the August 25 deadline did not apply, Mr. Pepe neither filed his appeal with the MSPB nor sought an extension of the filing deadline.
 
 
 7
 Based on the evidence, the Board did not abuse its discretion in deciding that Mr. Pepe did not exercise the type of due diligence or ordinary prudence that warrants a waiver of the filing deadline. We therefore affirm the Board's decision.