**Frank G. RAMIREZ, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 00–3398.

United States Court of Appeals,
Federal Circuit.

Jan. 12, 2001.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

Frank G. Ramirez, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board"), which affirmed his removal from his position as Station Manager at the post office in Arlington, Texas. *Ramirez v. United States Postal Serv.*, No. DA0752980550-I-2, 2000 WL 947314 (June 20, 2000). We *affirm.*

I

The United States Postal Service ("agency") first proposed, and then effected, the removal of Mr. Ramirez because of an event that took place at work on June 16, 1999. On that date, Mr. Ramirez approached Chris Murphy, Manager of the Park Plaza station in Arlington, to complain about a warning letter that Mr. Murphy had previously issued to Mr. Ramirez when Mr. Murphy was the officer in charge at the Arlington facility.

There is a complete disagreement about what transpired in the Ramirez/Murphy exchange on that date. According to Mr. Murphy, Mr. Ramirez, using foul language, complained about the previous warning and threatened to "get even" with Mr. Murphy, even if that meant doing severe bodily harm to Mr. Murphy. Mr. Murphy understood Mr. Ramirez's statements to be an intentional threat of personal harm. Mr. Ramirez has a contrary view of his statement to Mr. Murphy. Mr. Ramirez's version of the events concedes that he complained to Mr. Murphy, and that he proposed to get even by filing a complaint to challenge the letter of warning. Following the episode, Mr. Murphy stated that he was frightened by what he took as a threat of harm, and that he promptly went home to relate the threat to his wife and children. He also reported the alleged threat to his superiors.

In due course, the agency investigated Mr. Murphy's charge. Mr. Ramirez and others were interviewed. Among those interviewed were four colleagues of Mr. Ramirez, who went out to lunch with Mr. Ramirez shortly after the episode. Those four colleagues stated that Mr. Ramirez boasted to them that he indeed had told Mr. Murphy that he would "get even," even if that meant inflicting bodily harm on Mr. Murphy. The colleagues, however, stated that they personally did not consider Mr. Ramirez's statements to be a threat to Mr. Murphy.

The agency has a long standing written policy prohibiting violence in the workplace which defines a threat as: "[a] statement or expression of intentional act meant to inflict physical violence or other harm on any person ... [o]r, an action intended to intimidate another person...." Resp. Supp.App. at 10. Further, the agency has deemed the penalty of removal appropriate for those who make such threats in the workplace. Applying that policy to this case, the agency first proposed and then effected Mr. Ramirez's removal. Mr. Ramirez challenged the removal before an administrative judge of the Board.

II

The administrative judge, having heard evidence from the parties to the alleged threat episode, determined that Mr. Murphy was more credible than Mr. Ramirez. Although Mr. Ramirez's colleagues did not think that Mr. Ramirez threatened Mr. Murphy, Mr. Murphy testified that he did consider himself threatened, and that he related that impression to his wife, children, and his superiors. The administrative judge rejected Mr. Ramirez's version of the episode, noting the inconsistency between that version and the statements made by Mr. Ramirez to his four colleagues. The administrative judge con-

cluded that the agency had proven that Mr. Ramirez made a threat that warranted his removal.

Mr. Ramirez sought review by the full Board. On his petition for review, there were only two members of. the Board, there being a vacancy of one Board position. The two Board members who heard Mr. Ramirez's petition split, one thinking that Mr. Ramirez had made a threat and the other concluding that Mr. Ramirez had only engaged in nonthreatening unacceptable conduct by his coarse language addressed to Mr. Murphy. With the split vote, the decision of the administrative judge became the final decision of the Board. The petition for review to this court followed in a timely fashion.

### III

■ We have a limited amount of authority to disturb a final decision of the Board. We must affirm such a decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994). When the law is not in dispute and the case involves contested issues of fact, we must accept any decision that is based on substantial evidence. *Id.* In measuring the substantiality of evidence, we are required to accept the judgment of the trier of fact, here the administrative judge, on issues of credibility. *Hambsch v. Department of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986).

In his brief, Mr. Ramirez asserts that he was denied the opportunity to present witnesses who would support his version of the facts. He also argues, contrary to the finding of fact by the administrative judge, that Mr. Murphy has been inconsistent in stating his view of the confrontation with Mr. Ramirez. Finally, Mr. Ramirez argues that his counsel was ineffective.

■ The administrative judge rejected witnesses proposed by Mr. Ramirez for lack of a showing of how those witnesses would produce evidence material to the issues in the case. The administrative judge's ruling is within his sound discretion, and absent a showing by Mr. Ramirez to the administrative judge of the relevance of his proposed witnesses, we cannot say that the administrative judge abused his discretion in limiting the witnesses Mr. Ramirez sought to produce at the hearing.

We also reject the argument that Mr. Murphy's testimony is vulnerable to attack on the ground that it is not consistent. The administrative judge expressly found to the contrary, and Mr. Ramirez has not shown error in that finding.

■ Finally, we note that Mr. Ramirez is bound by the acts and omissions of his counsel. *Romala Corp. v. United States,* 927 F.2d 1219, 1225 (Fed.Cir.1991); *Phillips v. United States Postal Serv.,* 695 F.2d 1389, 1391 (Fed.Cir.1982).

■ In deciding the issue of whether Mr. Ramirez's statements to Mr. Murphy constituted a threat, the administrative judge applied the reasonable person criterion, considering the wording and intent of Mr. Ramirez's statements and Mr. Murphy's reactions and apprehensions in response thereto. This is the correct test. *Metz v. Department of the Treasury,* 780 F.2d 1001, 1004 (Fed.Cir.1986). The essence of Mr. Ramirez's appeal, as stated in his informal brief, is that when correctly understood, his statements to Mr. Murphy were not meant as a threat, but instead were only "the typical cussing used in the Postal Service management circles as a matter of daily routine." Our task is not to redetermine the facts in this case. We are here to determine if any legal error occurred in the proceedings at the Board, or whether there is an absence of substan-

tial evidence to support the Board's fact-findings. We have carefully reviewed the record in this case, and we can find no ground on which to disturb the Board's final decision. We therefore affirm that decision.

No costs.