972 F.2d 1353
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roger J. ALLEYNE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3254.
 United States Court of Appeals, Federal Circuit.
 June 4, 1992.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 On December 30, 1991 the Merit Systems Protection Board, Docket No. NY07528910162, dismissed as untimely Mr. Roger J. Alleyne's petition for review. Alleyne v. United States Postal Service, 52 M.S.P.R. 157 (1991). Because Mr. Alleyne filed his petition for review over two years late, this court affirms.
 
 DISCUSSION
 
 2
 The United States Postal Service removed Mr. Alleyne from his position as mailhandler effective January 6, 1989. Mr. Alleyne appealed his removal to the Board on January 18, 1989. On March 27, 1989, the Administrative Judge dismissed the appeal for lack of jurisdiction. This decision became final on May 1, 1989.
 
 
 3
 On June 24, 1991, Mr. Alleyne filed a petition for review of the 1989 decision, more than two years after the filing deadline expired. Alleyne, 52 M.S.P.R. at 157, 158. Mr. Alleyne stated in his petition that he had recently discovered information showing that the Board should not have dismissed his removal appeal. Id. The Board dismissed Mr. Alleyne's petition as untimely filed. Id. at 159.
 
 
 4
 The sole issue before this court is whether the Board abused its discretion by not allowing Mr. Alleyne to waive the time limit for appeal to the Board. This court has stated:
 
 
 5
 Whether the regulatory time limit for an appeal should be waived in a particular case is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board.
 
 
 6
 Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 7
 To convince the Board to waive the time limit, Mr. Alleyne must show good cause. 5 C.F.R. § 1201.114(f) (1992). To satisfy the good cause standard, the Board requires an appellant to exercise due diligence and ordinary prudence. See Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980).
 
 
 8
 Mr. Alleyne contends that he became aware that his status might warrant an appeal "[A]bout a year" before filing his 1991 petition. Because Mr. Alleyne still does not explain a two-year delay in filing and presents no evidence of due diligence or ordinary prudence, the Board found that Mr. Alleyne did not show good cause. Alleyne, 52 M.S.P.R. at 159. This court finds no abuse of discretion in the Board's dismissal of Mr. Alleyne's petition for review, and therefore affirms.