979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald W. CARROLL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3264.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1992.
 
 Before PAULINE NEWMAN, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Donald W. Carroll petitions for review of the January 7, 1992 Merit Systems Protection Board order, Docket No. AT07529110065, dismissing his petition for review as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 On October 19, 1990, the Department of the Army removed Mr. Carroll from his position as a Construction Representative for declining to accept a new assignment. On January 25, 1991, Mr. Carroll and the Army entered into a settlement agreement. On January 30, 1991, the Administrative Judge (AJ) dismissed Mr. Carroll's appeal based upon the settlement agreement and accepted the agreement into the record for the purpose of enforcement. The AJ stated that its decision would become final on March 6, 1991, unless Mr. Carroll filed a petition for review. On August 29, 1991, Mr. Carroll petitioned the Board "to set aside the agreement" because of the Army's "fraudulent actions preceding and following the signing of the agreement...." Specifically, Mr. Carroll argued that the Army erroneously failed to register him in certain priority placement programs, and that, had he known of the Army's failure, he would not have entered into the settlement agreement.
 
 
 3
 On September 13, 1991, the Board notified Mr. Carroll that his petition for review was untimely and ordered him to submit an affidavit establishing "good cause" for his late filing. 5 C.F.R. § 1201.114(f). In response, Mr. Carroll submitted an affidavit stating that he was unaware that the Army had failed to register him in the programs prior to the deadline for filing a petition for review and, consequently, he could not timely file his petition.[1] Mr. Carroll argued "good cause" based on the unavailability of "new and material evidence" concerning the programs prior to the expiration of the time limit. 5 C.F.R. § 1201.115(c)(1) (Board may grant a petition for review when it is established that new and material evidence is available that, despite due diligence, was not available when the record closed).
 
 
 4
 The Board rejected Mr. Carroll's arguments. Specifically, the Board held that Mr. Carroll failed to show why the programs were material to the validity of the settlement agreement, and that Mr. Carroll failed to allege facts establishing that the settlement agreement was invalid as a result of fraud, coercion, or mutual mistake. Therefore, the Board dismissed Mr. Carroll's petition for review.[2]
 
 
 5
 On appeal to this court, Mr. Carroll reiterates that the Army erroneously failed to register him in the programs, and that he was not aware of the Army's failure until after the appeal deadline of March 6, 1991 had expired.
 
 
 6
 The Board has broad discretion to decide whether to waive the time for appeal. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (in banc). In the Board's view, Mr. Carroll failed to establish good cause for his late appeal. Mr. Carroll does not contest that the agreement is silent as to the priority placement programs. Hence, Mr. Carroll's discovery that he had not been registered in the priority placement programs is not material to performance of the settlement agreement. Moreover, we note that the Army has now registered Mr. Carroll in both programs.
 
 
 7
 This court will not substitute its own judgment for that of the Board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). Under the circumstances, we cannot say that the Board's dismissal was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c). Therefore, we affirm.
 
 
 
 [1]
 Mr. Carroll stated that he was subsequently registered in the programs in May and July of 1991, respectively
 
 
 [2]
 The Board also determined that the evidence proffered by Mr. Carroll was not of sufficient weight for the Board to set aside the settlement agreement even if the petition for review had been timely filed