979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerald P. CHIZMADIA, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 92-3267.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before ARCHER, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Gerald P. Chizmadia (Chizmadia) petitions for review of the Merit Systems Protection Board (board) decision, Docket No. NY07529110412, dismissing his appeal as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 By letter dated February 17, 1984, the United States Customs Service (Customs) informed Chizmadia that he was being separated from his position as an Import Specialist because he had "abandoned" his position. The February 17 notice informed Chizmadia that his separation was effective December 4, 1983, his last day in approved leave status. Chizmadia was advised of his appeal rights in enclosures to the letter. The enclosures included a grievance form, board rules and regulations, and a board appeals form.
 
 
 3
 Approximately five years later, on January 20, 1989, Chizmadia wrote a letter to Customs concerning his separation. Customs responded that because Chizmadia failed to file a grievance within a reasonable time after the separation the matter was considered closed. On February 15, 1989, Chizmadia wrote another letter to Customs acknowledging that Customs' February 17, 1984 letter informed him of his appeal rights, but arguing that he could not have possibly filed a timely grievance within 15 days after his separation because he was not informed of his December 4, 1983 separation until February 17, 1984. More than two years after this round of correspondence, on June 24, 1991, Chizmadia appealed to the board.
 
 
 4
 The Administrative Judge (AJ) ordered Chizmadia to show good cause for the late filing. See 5 C.F.R. § 1201.22(c). Chizmadia responded that he received his notice of separation and appeal information two and a half months after the effective date of separation and after the deadline for further action had passed. Further, Chizmadia stated that "[i]n 1989, and until the present, I now believe that the Agency was incorrect in the information they gave me in 1984."
 
 
 5
 On September 30, 1991, the AJ determined that Chizmadia did not establish good cause for the delay from 1984 to 1989 or from 1989 after he communicated with Customs to the date he filed his appeal with the board in 1991. Accordingly, the AJ dismissed the appeal as untimely. The full board denied Chizmadia's petition for review because it did not meet the criteria for review. See 5 C.F.R. § 1201.115.
 
 
 6
 The board has broad discretion to decide whether to waive the time for appeal. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (in banc ). This court will not substitute its own judgment for that of the board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982).
 
 
 7
 Chizmadia conceded before the board that Customs advised him of his appeal rights. Even if that information was confusing in view of Customs' February 17 letter making his separation retroactively effective to December 4, Chizmadia failed to show why he did nothing until 1989 when he wrote to Customs and, more importantly, why he waited more than two years after contacting Customs to file his appeal with the board. Manifestly, the board's determination not to waive the time for appeal, when Chizmadia showed no cause for his extensive delay, was not an abuse of discretion.
 
 
 8
 The AJ also noted in his opinion that Chizmadia is an attorney. It is wholly frivolous for an attorney to file a petition for judicial review in this court contending that the AJ abused his discretion when the AJ was afforded no basis for exercising that discretion at all. We therefore direct Chizmadia to pay to the government, as a sanction under Rule 38 of the Federal Rules of Appellate Procedure, $200 and costs it has incurred in defending this frivolous proceeding. Chizmadia shall pay said amount to the government within 30 days after the government advises the Clerk and Chizmadia as to the amount of its costs.