991 F.2d 809
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia A. HOGAN, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 92-3500.
 United States Court of Appeals, Federal Circuit.
 March 8, 1993.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 SKELTON, Senior Circuit Judge.
 
 DECISION
 
 1
 Petitioner Patricia A. Hogan, petitions for review of the Merit Systems Protection Board (MSPB or the board) decision, Docket No. AT035192009011, affirming the action of the Department of the Navy (agency or Navy) in removing her from her position with the agency as a result of a reduction-in-force (RIF) procedure which abolished her position. We affirm.
 
 OPINION
 
 2
 The petitioner was a bearing reconditioner at the Naval Aviation Depot in Jacksonville, Florida, when she was separated from her job on September 30, 1991, because her position was eliminated by RIF procedures. The RIF action was taken by the Navy as a result of long-term reductions in workloads and internal streamlining to increase efficiency and reduce costs. Over 12% of the work force of naval aviation depots nationwide were separated from their positions, including the petitioner, by these RIF procedures.
 
 
 3
 On October 17, 1991, petitioner appealed her separation to the MSPB. In her appeal she claimed that her separation was the result of a low performance rating given her in retaliation for a grievance she had filed against her superior in 1990, which caused her to have a lower retention rating than two other employees who were not separated by the RIF. She also alleged that she was discriminated against because of her race, and that her superior showed favoritism to co-workers which caused her to have a low rating.
 
 
 4
 At the hearing the board's administrative judge (AJ) made findings against all of petitioner's allegations. For instance, he found that poor performance in petitioner's work that led to her poor rating occurred in 1988, whereas, she did not file the alleged grievance until 1990, which was evidence that her rating was not lowered because of the grievance, and therefore, there was no nexus between her performance rating and the grievance. He also found that there was no racial discrimination against petitioner because one of the employees whom petitioner alleged was treated more favorably than her was also black, and another was also separated as a result of the RIF.
 
 
 5
 The petitioner challenged the Navy's RIF procedures, but the AJ found that the Navy had properly followed RIF procedures in abolishing her position. Prior to the hearing petitioner asked that subpoenas be issued for 14 witnesses, but the AJ denied her request for 13 of them because petitioner failed to show that their testimony was relevant to the RIF action. The AJ accepted an affidavit from one of the absent 13 requested witnesses, but he did not rely on it in deciding the case.
 
 
 6
 After the hearing, the AJ affirmed the action of the Navy in eliminating petitioner's position and in separating her from her job by a bona fide RIF procedure. She filed an appeal for review with the full board which was denied, and the initial decision of the AJ became the final decision of the board. Petitioner then appealed to this court.
 
 
 7
 Our review of a decision of the MSPB is narrowly defined and limited by statute. Under § 7703(c) of Title 5 of the United States Code, the MSPB decision must be affirmed unless it is found to be:
 
 
 8
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,
 
 
 9
 (2) obtained without procedures required by rule, law, or regulation having been followed; or
 
 
 10
 (3) unsupported by substantial evidence....
 
 
 11
 Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 12
 With these statutory provisions in mind, and after carefully considering the record, the briefs, and the arguments of counsel, we conclude that the board was correct in deciding that there was no nexus between petitioner's grievance against her superior and her prior lowered performance rating, and that there was no discrimination against petitioner because of her race. Also, the board correctly held that the RIF was bona fide, and that the Navy had properly followed RIF procedures in abolishing petitioner's position. Furthermore, the board was not required to subpoena the 13 witnesses that petitioner had requested because petitioner had not shown that the testimony they would give was material or relevant to the merits of the RIF action. Petitioner claimed that the witnesses would testify about alleged favoritism against petitioner that resulted in an unfair and lowered performance rating for her, and about the grievance she had filed against her superior. This testimony was not relevant to the issues of whether there was a bona fide RIF, or whether the RIF procedure and the procedures of the agency's performance system were properly followed. It appears that petitioner was attempting by this evidence to have the board review her performance rating.
 
 
 13
 The board has held that where a RIF is undertaken for valid purposes and in accordance with RIF procedures, the board will not review the substance and merits of an employee's performance rating. See Haataja v. Department of Labor, 25 M.S.P.R. 594 (1985); Tillery v. Department of Defense, 3 M.S.P.R. 6 (1980). We agree, because an unfavorable performance rating is not an adverse action that is appealable to the board under the provisions of 5 U.S.C. §§ 7512, 7513 and 7701 (1988).
 
 
 14
 The petitioner was not without a remedy, however, if she wished to challenge her lowered performance rating. As pointed out by the respondent, she could have obtained review of her performance rating through the administrative grievance procedures established by the Navy in Civilian Personnel Instruction 772, through Equal Employment Opportunity procedures set forth at 29 C.F.R. Part 1614, or through the negotiated grievance procedures applicable to her bargaining unit. Petitioner did not choose to seek review through any of these channels. Instead, she impermissibly sought review of the merits of her performance rating through the board. The board is without jurisdiction to give her any relief on this issue.
 
 
 15
 The board's decision is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by rule, law, or regulation having been followed. We discern no error in the decision, and it is affirmed.