996 F.2d 319
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sofia FORTEZA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3582.
 United States Court of Appeals, Federal Circuit.
 April 28, 1993.
 
 Before ARCHER, MICHEL, and RADAR, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Sofia Forteza appeals from the Initial Decision of an Administrative Judge (AJ) of the Merit Systems Protection Board (MSPB or board) dismissing her appeal to the MSPB as untimely filed. Forteza v. Office of Personnel Management, Docket No. AT-0831920393-I-1 (Apr. 10, 1992). The initial decision became the final decision of the board on July 21, 1992, when the board denied Mrs. Forteza's petition for review. We affirm.
 
 DISCUSSION
 
 2
 A. After Mrs. Forteza's husband, Jaime Forteza, an employee of the Drug Enforcement Administration, died tragically of brain cancer on April 15, 1991, Mrs. Forteza applied to the Office of Personnel Management (OPM) for survivor annuity benefits. In July 1991, Mrs. Forteza contacted her congresswoman, Ileana Ros-Lehtinen, who agreed to assist her secure these benefits.
 
 
 3
 On July 15, 1991, Congresswoman Ros-Lehtinen wrote OPM on behalf of Mrs. Forteza stating that she would "greatly appreciate any assistance [OPM] could offer [Mrs. Forteza]." OPM did not respond directly to the congresswoman. On August 10, 1991, OPM disallowed Mrs. Forteza's application for survivor benefits and notified her that she could request reconsideration within a specified time. Accordingly, Mrs. Forteza requested reconsideration by OPM of this decision. On October 22, 1991, OPM issued its reconsideration decision sustaining its previous denial and stating to Mrs. Forteza:
 
 
 4
 This is our final decision regarding this matter. You have the right to appeal this decision to the Merit Systems Protection Board (MSPB). If you wish to exercise this right, you must file an appeal with MSPB within 25 calendar days of the date of this letter [i.e., November 16, 1991].
 
 
 5
 Mrs. Forteza took no action on her claim until December 1991 when she again contacted her congresswoman for assistance, notifying her for the first time of OPM's final decision. On December 11, 1991, Congresswoman Ros-Lehtinen wrote to OPM and requested an extension from OPM in order to allow Mrs. Forteza to "exercise her right to an appeal through the [MSPB]."
 
 
 6
 On January 22, 1992, Ms. Forteza filed an appeal with the MSPB, almost two months after the filing deadline. The AJ found that Mrs. Forteza received clear notice from OPM of her appeal rights and filing obligations and understood the notice; that OPM's failure to respond to Congresswoman Ros-Lehtinen did not interfere with Mrs. Forteza's right to appeal to the MSPB, and that Mrs. Forteza took no action between October 22, 1991, the date of OPM's final decision, and December 1991. Accordingly the AJ dismissed the appeal as untimely filed.
 
 
 7
 B. On appeal to this court, Mrs. Forteza states that she is an unemployed housewife with small children who is a native of Argentina and whose primary language is Spanish although she reads and speaks English fluently. She argues that, despite the notice she received from OPM, she did not understand that she would lose her right to file an appeal with the MSPB because she believed that her congresswoman's assistance (which she had requested prior to OPM's initial decision) absolved her of the need to do anything further regarding her claim for survivor benefits.[1]
 
 
 8
 This court's standard for reviewing a decision of the MSPB is established by statute. We must affirm a decision of the board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). In this case, it is undisputed that Mrs. Forteza's appeal to the MSPB was untimely. The MSPB may waive the time limit for filing an appeal if the appellant shows good cause for the untimeliness. 5 C.F.R. §§ 1201.12, .22(c). The appellant bears the burden of demonstrating good cause. 5 C.F.R. § 1201.56(a)(2)(ii). The board has held that to establish good cause, the appellant must show "that the delay was excusable under the circumstances where diligence or ordinary prudence had been exercised." Phillips v. United States Postal Service, 695 F.2d 1389, 1391 (Fed.Cir.1982) (citing Alonzo v. Department of the Air Force, 4 MSPR 180, 184 (MSPB 1980)). However, the board has broad discretion in handling appeals and controlling its own docket, and, to that effect, determining whether to waive the regulatory time limit. Id. at 1390.
 
 
 9
 Mrs. Forteza's main argument is that she had good cause for not appealing within the 25 day time limit because she had earlier sought and been promised assistance from her congressional representatives. However, the pursuit of an alternate avenue of relief does not stop the running of the time for appeal. See Pierce v. Small Business Admin., 20 MSPR 389, 390 (MSPB 1984), aff'd, 765 F.2d 162 (Fed.Cir.1985) (table). Mrs. Forteza's initial letter to her congresswoman therefore did not in itself establish good cause for Mrs. Forteza's untimeliness.
 
 
 10
 As to Mrs. Forteza's circumstances, the fact that she is a housewife and the parent of small children did not diminish her capacity to act timely on the appeal notice provided by OPM. Although Mrs. Forteza is a native of Argentina who speaks fluent Spanish and English, she does not assert that her bilingual ability rendered her unable to comprehend the meaning of the OPM notice or that the notice was itself unclear. Finally, she does not assert that she contacted, or even attempted to contact, her congresswoman or the MSPB during the appeal period to determine her obligations. In contrast, we note that Mrs. Forteza, even though she had previously contacted her congresswoman to intervene with OPM, took it on herself to seek OPM's reconsideration in a timely manner after OPM's initial decision.
 
 
 11
 In view of Mrs. Forteza's failure to take any action within the appeal period when OPM clearly notified her of the finality of its reconsideration decision and the time limits for an appeal to the MSPB, we cannot say that the MSPB abused its discretion in concluding that Mrs. Forteza did not establish good cause for delaying her filing until January 22, 1992.
 
 
 
 [1]
 In addition to her contact with her congresswoman, Mrs. Forteza also relies on assistance she sought from her senator, Bob Graham. The record reflects this assistance in a letter from OPM to Senator Graham, dated December 10, 1991, explaining OPM's denial of benefits, in which OPM referred to a letter by the senator to OPM dated November 19, 1991. Because Mrs. Forteza did not specify the date that she contacted the senator, and because the AJ found that Mrs. Forteza took no action after OPM's reconsideration decision until she contacted Congresswoman Ros-Lehtinen in December, the senatorial contact apparently did not occur during the appeal period