5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Oliver J. SEMANS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3141.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Oliver J. Semans petitions for review of the Opinion and Order of the Merit Systems Protection Board (board), Docket No. DE0752920397I1 dated December 21, 1992, dismissing his appeal as untimely. We reverse and remand.
 
 DISCUSSION
 
 2
 Semans was suspended for 30 days from his position as a criminal investigator for the Department of the Interior effective May 5, 1992. That same day Semans sent documents relating to his suspension, including a signed appeal form, to an attorney in New York, Dennis McAllister. During a telephone conversation on May 15, McAllister informed Semans that his firm did not handle appeals to the board without a fee. Nonetheless, McAllister told Semans that since he had the necessary appeal documents at his office, he "would fill them out and send them." On May 19, McAllister advised Semans that the appeal forms were complete and being "sen[t] out at this time." On May 22, Semans traveled from his home in New Mexico to South Dakota where he attempted to secure a loan from his Tribe to pay McAllister's fee. Semans returned home on June 4, and on June 5 discovered the completed appeal documents in his mail retrieved from the post office. Only then was it clear that McAllister had mailed the appeal forms to Semans' home rather than to the board. Semans immediately contacted McAllister who informed him of the misunderstanding. Semans filed his appeal to the board on June 5, 10 days after the time limit.
 
 
 3
 After review of Semans' evidence and argument, the Administrative Judge (AJ) found that Semans "failed to provide 'good cause' for his delay in appealing" and dismissed the appeal as untimely filed. The full board reopened the appeal on its own motion, affirmed the Initial Decision of the AJ as modified by its Opinion and Order. The board discussed "whether the apparent misunderstanding between [Semans] and McAllister establishes good cause for waiving the filing deadline." The board stated that Semans'
 
 
 4
 account of McAllister's supposed assurance that the appeal was "completed" and McAllister was "sending it out" is vague; it is not clear where McAllister said he would send the documents. Moreover, [Semans] avers that McAllister told him just 11 days before the filing deadline that "[he] would have to file the appeal on [his] own...." In the face of this statement, and in light of the fact that McAllister made plain that he did not intend to prosecute an appeal until arrangements were made for the payment of McAllister's fee, [Semans'] reliance on McAllister to file the petition for appeal falls short of the diligence expected of him under the circumstances.
 
 
 5
 Board Opinion at 5 (citations omitted; alterations added and in original).
 
 
 6
 We review the board's decision on waiver of the regulatory time limit to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); 5 U.S.C. Sec. 7703(c) (1988). The twenty-day time period to file an appeal to the board may be waived if good cause is shown. Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982). This court has noted that
 
 
 7
 any doubt as to whether good cause has been shown should be resolved in favor of an appellant, that an appellant need not show impossibility but only that the delay was excusable in light of the surrounding circumstances where ordinary prudence had been exercised, and that a reasonable excuse should be accepted by the presiding official absent proof of substantial prejudice to the agency.
 
 
 8
 Yuni v. Merit Sys. Protection Bd., 784 F.2d 381, 384 (Fed.Cir.1986).
 
 
 9
 Here, Semans was diligent in sending the documents in support of his appeal to McAllister promptly after he was suspended. He was diligent in filing the appeal the same day he discovered that it had not been filed by McAllister. The board viewed Seman's affidavit as somewhat vague in that it was not clear where McAllister said he would send the appeal forms. We are convinced from the surrounding facts, however, that the board reached the wrong inferences and conclusions. If Semans knew that McAllister intended to send the appeal documents to his home, rather than to the board, it is most unlikely, in view of his other diligence, that Semans would neglect to make arrangements for the timely filing of the appeal while he was in South Dakota seeking financing for the appeal. Thus, it seems clear that Semans must have thought McAllister would file his appeal documents with the board. Semans' affidavit says nothing to indicate otherwise.
 
 
 10
 We conclude that the facts show Semans exercised reasonable diligence and ordinary prudence with respect to the filing of his appeal. Absent an allegation or evidence of prejudice to the agency, there was good cause for waiving the filing time limit, and the board abused its discretion in refusing to do so. See Yuni, 784 F.2d at 384. We therefore reverse the board's decision and remand the case for proceedings on the merits.