11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose M. MENCHACA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3281.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
 
 Before MAYER and MICHEL, Circuit Judges, and SCHWARZER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Jose M. Menchaca appeals the decision of the Merit Systems Protection Board, No. DA34439110426-I-1, dated March 3, 1992, dismissing his petition for review as untimely filed. We affirm.
 
 
 2
 This court reviews decisions of the Merit Systems Protection Board under a limited standard prescribed by statute. We must affirm a board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 The initial decision of the board, dated May 29, 1991, dismissed Menchaca's appeal of his non-selection for a vacant position as beyond the board's jurisdiction. The board's regulations require that a "petition for review must be filed within 35 days after the initial decision is issued." 5 C.F.R. Sec. 1201.114(d) (1992). The initial decision clearly informed Menchaca that it would become final on July 3, 1991, and that any petition for review must be filed by that date.
 
 
 4
 Menchaca filed a petition for review and a motion for waiver of the time limit on November 10, 1992. By a November 25, 1992 notice, the clerk of the board returned the petition as deficient because Menchaca had failed to serve the opposing party and provide a certificate of service. The clerk's notice returning the petition also informed Menchaca that his petition for review was untimely and that the board's regulations required that he file an affidavit or statement made under the penalty of perjury stating good cause for the untimely filing. The notice provided him fifteen days to file a perfected petition.
 
 
 5
 Menchaca refiled his petition and motion on December 9, 1992, within the fifteen day period. In a letter accompanying the petition, Menchaca asserted that his delay in filing was caused by confusion over the fact that the initial decision was signed by a different administrative judge than had issued a previous order, that he was gathering new and material evidence, and that he had been in an automobile accident on August 2, 1991. The board notified Menchaca on December 24, 1992, that his filing was again deficient because it was not accompanied by affidavit or sworn statement. The board afforded Menchaca an additional ten days to perfect his petition. On January 2, 1993, Menchaca submitted an unsworn statement arguing essentially that good cause had been established and that his petition should be accepted in the interest of justice. The board dismissed his petition as untimely.
 
 
 6
 Although Menchaca apparently argues in his informal brief before this court that the respondent is liable for damages resulting from physical injuries he has suffered, the only issue is the timeliness of his petition for review. The time limit for filing a petition for review may be waived by the board if the petitioner meets the burden of proving good cause for such waiver. See 5 C.F.R. Secs. 1201.12, 1201.56(a)(2)(ii) (1992). Whether there exists good cause to waive the time limit is a determination "committed to the board's discretion and this court will not substitute its own judgment for that of the board." Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 7
 The board determined that Menchaca's responses to the request to show cause failed to comply with its regulations because they were not in the form of an affidavit or statement signed under penalty of perjury, and thus could not establish good cause for his untimely filing. See 5 C.F.R. Sec. 1201.114(f) (1992). The board went on, however, and considered the assertions made in the unsworn submissions. It determined that Menchaca did not establish that the asserted "new and material" evidence was not readily available before the close of the record despite his due diligence. The automobile accident asserted took place a month after the July 3, 1991, filing deadline, and thus Menchaca's assertions about the accident did not show circumstances that prevented his timely filing. Finally, the board determined that any alleged confusion was not caused by the initial decision and that Menchaca had not shown due diligence under the circumstances in light of the clear notice in the initial decision of the correct filing deadline and the proper address for filing the petition.
 
 
 8
 To establish good cause for the untimely filing of his petition for review, Menchaca must show that he exercised due diligence or ordinary prudence under the particular circumstances. See Phillips, 695 F.2d at 1391. Given that the documents asserted as "new and material" evidence were dated before the close of the record in the initial case, Menchaca has not shown that these documents were not readily available despite his exercise of due diligence. Therefore he has not established that his petition for review was delayed because of previously undiscoverable evidence. We sympathize with the distress Menchaca has apparently suffered as a result of the August 2, 1991, automobile accident, but this incident occurred a full month after the expiration of the period for filing his petition for review. Menchaca has not shown any circumstances existing before the July 3, 1991, deadline that prevented his timely filing. Finally, when faced with clear notice of a strict time limit for filing a petition for review an individual exercising ordinary prudence would file in a timely manner to preserve his rights and then inquire about any confusing administrative matters, such as a possible inconsistency in the name of the administrative judge.
 
 
 
 *
 Honorable William W. Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation