**Eduardo ABAGON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3235.

United States Court of Appeals, Federal Circuit.

Feb. 11, 2002.

Before NEWMAN, GAJARSA, PROST, Circuit Judges.

PER CURIAM.

Eduardo Abagon petitions for review of the June 2, 2000, initial decision of the Merit Systems Protection Board ("Board"), Docket No. SE–0831–00–0146–I–1, affirming a decision on reconsideration by the Office of Personnel Management ("OPM") that Mr. Abagon was not entitled to an annuity pursuant to the Civil Service Retirement Act ("CSRA"), 5 U.S.C. § 8331 et seq. The initial decision became final on April 27, 1993, when the Board denied Mr. Abagon's petition for review. We *affirm.*

Mr. Abagon worked as a civilian employee at the U.S. Naval Public Works Center in the Philippines. From April 20, 1983, until July 28, 1985, Mr. Abagon worked pursuant to a series of excepted not-to-exceed ("NTE") appointments. On July 28, 1985, he was converted to an excepted appointment. Thereafter, on February 14, 1992, he was terminated by reduction in

force. In accordance with the Filipino Employment Personnel Instructions ("FEPI"), Mr. Abagon received nine months of severance pay. Although no deposits were made from his salary into the Civil Service Retirement and Disability Fund during his tenure with the Navy from 1983 until 1992, Mr. Abagon applied for a deferred retirement annuity under the CSRA on March 15, 1999. When the OPM denied his application, Mr. Abagon appealed to the Board. The Administrative Judge ("AJ") affirmed the OPM, the full Board denied his petition for review, and Mr. Abagon subsequently appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (1988).

In order to qualify for an annuity under the CSRA, an employee must complete a minimum of five years of creditable civilian service. 5 U.S.C. § 8333(a) (1988). At least one of the two years of employment immediately preceding termination must qualify as covered service. § 8333(b). An appointment is covered if it is subject to the CSRA and if the employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir.1995); *Noveloso v. Office of Pers. Mgmt.*, 45 M.S.P.R. 321, 323 (1990), aff'd. mem., 925 F.2d 1478 (Fed.Cir. 1991).

According to Mr. Abagon, the CSRA began to cover his service as soon as it was converted to an excepted appointment in July of 1985. He argues that his appointment became permanent on this date, and he points to his status as a Tenure Group I, or unrestricted tenure, employee as evidence. This argument is unpersuasive. In *Rosete*, 48 F.3d at 519–20, this court stated that tenure grouping alone does not determine eligibility for CSRA benefits. In Mr. Abagon's case, the AJ found that Mr. Abagon's NTE appointments were specifically excluded from CSRA coverage by 5 C.F.R. § 831.201(a)(1); that his appointment after July 28, 1985, was not covered by the CSRA; that he received retirement in accordance with a collective bargaining agreement; and that no deductions for CSRA retirement were made from his pay. On the basis of this finding, the AJ concluded that Mr. Abagon failed to carry his burden of establishing entitlement to a retirement annuity under the CSRA.

This court must affirm decisions of the Board unless they are arbitrary, capricious, an abuse of discretion, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). *See Phillips v. United States Postal Service*, 695 F.2d 1389 (Fed.Cir.1982). After carefully reviewing the record, we find no reversible error in the Board's conclusions.

*Affirm*