**Robert D. WARE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3254.

United States Court of Appeals, Federal Circuit.

DECIDED: April 8, 2004.

Robert D. Ware, Landover, MD, for Petitioner.

Brian S. Smith, Kathryn A. Bleecker, David M. Cohen, Joyce G. Friedman, Stephanie M. Conley, Washington, DC, for Respondent.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

## DECISION

PER CURIAM.

Robert Ware appeals from the Merit Systems Protection Board's decision dismissing his appeal for lack of jurisdiction. *Ware v. Dep't of Health & Human Servs.*, No. DC–315H–03–0018–I–1, 2003 WL 21684890 (M.S.P.B. July 10, 2003) (*"Final Decision"*). We *affirm*.

## DISCUSSION

Mr. Ware was appointed by the Department of Health & Human Services ("HHS") to the position of Administrative Associate, GS–9, on November 4, 2001, subject to a one-year probationary period. On September 30, 2002, HHS notified Ware that he would be terminated from his position effective October 4, 2002, as a result of unacceptable performance. Asserting that the agency "demonstrated sexual bias and possibly religious bias," Ware appealed his termination to the Board on September 30, 2002.

On December 17, 2002, the Administrative Judge ("AJ") issued an Order to Show Cause, explaining that probationary employees who have less than one year of current, continuous service in the same or similar position have limited rights of appeal to the Board under 5 C.F.R. § 315.806 and that the burden was on Ware to prove that the Board had jurisdiction over his appeal. Ware responded by arguing that § 315.806 is not applicable, but that the Board has jurisdiction under 5 C.F.R. § 1201.3, 5 C.F.R. part 432, and 5 U.S.C. § 4303(e). Several days later, Ware also submitted a motion to disqualify the AJ, asserting that she had demonstrated "personal bias regarding the issue of jurisdiction," and requested certification of the jurisdictional issue to the full Board as an interlocutory appeal.

On December 30, 2002, the AJ issued an Initial Decision dismissing the appeal for lack of jurisdiction and denying Ware's motion for disqualification and interlocutory appeal. *Ware v. Dep't of Health & Human Servs.*, No. DC–315H–03–0018–I–1 (M.S.P.B. Dec. 30, 2002) (*"Initial Decision"*). The Initial Decision explained that terminated probationary employees have no statutory right of appeal to the Board, and that a limited regulatory right has been provided only for such employees who allege that the agency's action was based on partisan political reasons or marital status. *Id.*, slip op. at 3. Ware filed a petition for review of the Initial Decision by the full Board. The Board denied that petition, *Final Decision,* slip op. at 2, and the Initial Decision became final pursuant to 5 C.F.R. § 1201.113(b). Ware timely appealed to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). However, Congress has expressly limited the scope of our review in appeals from the Board. *Phillips v. U.S. Postal Serv.,* 695 F.2d 1389, 1390 (Fed.Cir.1982). Specifically, we must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

On appeal, Ware argues that "[t]he conditions for jurisdiction are A. issues dealing with a reduction in grade [and] B. removal for unacceptable performance according to the Federal Code of Regulations," and that "Part B applies" to his case. He again cites 5 C.F.R. § 1201.3, 5 C.F.R. part 432, and 5 U.S.C. § 4303(e). Ware also argues that the Board "ignore[d] the fact that the probationary requirements were not applicable" because he had seven years of prior employment by HHS and the National Institutes of Health.

None of the provisions cited by Ware supports Board jurisdiction over his appeal, and we are aware of no alternative provisions that would do so. First, 5 C.F.R. § 1201.3 states, in relevant part, that

> The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from the following actions:
>
> . . . .
>
> (8) Termination of employment during probation . . . when:
>
> (i) The employee alleges discrimination because of partisan political reasons or marital status; or
>
> (ii) The termination was based on conditions arising before appointment and the employee alleges that the action is procedurally improper (5 CFR 315.806, 38 U.S.C. 4214(b)(1)(E)).

5 C.F.R. § 1201.3(a) (2003). Because Ware did not allege "discrimination because of partisan political reasons or marital status" or procedurally improper action "based on conditions arising before appointment," that regulation has no application here.*

Second, the relevant portion of 5 C.F.R. part 432 states: "This part does not apply

---

* By citing 5 C.F.R. § 1201.3, Ware likely intended to rely on subsection (a)(1) of that regulation, which provides that the Board has jurisdiction where "authorized by law, rule, or regulation" over appeals from "(1) Reduction in grade or removal for unacceptable performance (5 CFR part 432; 5 U.S.C. 4303(e))." As explained *infra,* however, neither 5 C.F.R. part 432 nor 5 U.S.C. § 4303 authorizes the Board to exercise jurisdiction over appeals brought by probationers removed during the probationary period.

984

to: ... (2) The reduction in grade or removal of an employee in the competitive service who is serving a probationary or trial period under an initial appointment." *Id.* § 432.102(b). Ware does not dispute the AJ's finding that he was employed in the competitive service. *See Initial Decision,* slip op. at 2. Further, despite Ware's assertion to the contrary, the Initial Decision reflects that the AJ considered his argument that he was not subject to a probationary period as a result of his prior federal employment. In particular, the AJ found that Ware had submitted a résumé stating that he had previously been employed by various government agencies. *Id.* at 4. However, she also found that Ware's prior employment had ended in June 2001, which was more than thirty days before his November 2001 appointment, *id.,* and she correctly concluded that that prior employment could therefore not be counted toward completion of the probationary period required by HHS. *See* 5 C.F.R. § 315.802(b) (2003) ("Prior Federal civilian service ... counts toward completion of probation when the prior service: ... (3) Contains or is followed by no more than a single break in service that does not exceed 30 calendar days."). Ware does not contest the AJ's finding that there was a break in his service from June 2001 to November 2001. Thus, because Ware was employed in the competitive service and was removed during his probationary period, 5 C.F.R. part 432 is inapplicable.

Finally, although subsection (e) of 5 U.S.C. § 4303 provides that an "employee who is ... in the competitive service ... and has been reduced in grade or removed under this section is entitled to appeal the action to the Merit Systems Protection Board," subsection (f) of the same section explains that "[t]his section does not apply to ... (2) the reduction in grade or removal of an employee in the competitive service who is serving a probationary or trial

period under an initial appointment...." For the reasons stated in the above discussion of 5 C.F.R. part 432, 5 U.S.C. § 4303(e) is likewise inapplicable.

We have considered Ware's other arguments and find them unpersuasive. As appellant, Ware had the burden of proving that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2). The Board found that he did not meet that burden. The Board's decision was supported by substantial evidence; was not obtained without any procedures required by any law, rule, or regulation having been followed; and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Accordingly, we affirm.