NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3180

WILLIAM A. BROWN, JR.,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  October 12, 2005

_____

Before MAYER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

William A. Brown, Jr., appeals the March 7, 2005, order of the Merit Systems Protection Board ("Board" or "MSPB") which denied Mr. Brown's petition for review and adopted the initial decision of the administrative judge ("AJ").  See Brown v. Dep't of Treasury, No. SF0752040077-I-1 (MSPB Mar. 7, 2005) ("Final Decision").  In that initial decision, the AJ sustained the decision of the Internal Revenue Service ("agency" or "IRS") removing Mr. Brown from his position as Contact Representative, GS-7, for three incidents of absence without leave ("AWOL") and for two incidents of failing to follow instructions to not call the Treasury Inspector General for Tax Administration ("TIGTA") office.  See Brown v. Dep't of Treasury, Docket No. SF0752040077-I-1 (MSPB Feb. 27, 2004) ("Initial Decision").  Because the Board's decision is supported by substantial evidence, we affirm.

I

On June 30, 2003, the agency proposed removing Mr. Brown from his position as Contact Representative, GS-7, with the IRS, Wage and Investment Division, Accounts Management Operations Area I, in Fresno, California. The agency cited two reasons: repeated incidents of AWOL and two incidents of failing to follow instructions. The agency also noted several prior personnel issues: a July 2001 admonishment for rude and discourteous conduct and failure to respond or cooperate; written counseling in October 2002 for unprofessional conduct; and a March 2003 suspension for causing a disruption in the workplace and for failing to conduct oneself in a business-like manner. On October 6, 2003, after considering Mr. Brown's oral reply, the deciding officer sustained both charges and effected removal. In November, Mr. Brown filed an appeal with the Board, charging procedural error.

The AJ ruled in favor of the agency, finding that it had sustained its burden of proof by preponderant evidence with respect to the reasons for dismissal. Initial Decision at 5-11. The AJ concluded that removal was not such an excessive penalty as to constitute an abuse of discretion. Id. at 13-16. The AJ also found that Mr. Brown had failed to establish that proper procedure required that he be granted administrative leave on February 23, 2003. Id. at 11. Likewise, the AJ found that Mr. Brown's claims under Article 39, section 2d of the National Agreement between the agency and the appellant's union were unavailing; the decision to dismiss Mr. Brown was not based on allegations that Mr. Brown committed a crime, such that the provision did not apply. Id.

Mr. Brown subsequently filed a petition for review by the full Board. On March 7, 2005, the Board denied the petition. The initial decision of the AJ therefore became the

final decision of the Board, and Mr. Brown timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

I

We must affirm MSPB final decisions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). In addition, we will only overturn a determination that a particular penalty is appropriate if "the severity of the agency's action appears totally unwarranted in light of all factors." Lachance v. Devall, 178 F.3d 1246, 1251 (Fed. Cir. 1999) (internal quotation omitted).

III

As to the original allegations of the agency, the Board found that the agency carried its burden of preponderant evidence. To prove a charge of absence without leave, the agency must show by preponderant evidence that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied. Rojas v. United States Postal Serv., 74 M.S.P.R. 544, 548 (1997), aff'd, 152 F.3d 940 (Fed. Cir. 1998). Mr. Brown was absent on February 24, 2003, and June 5 and 6, 2003. On February 24, Mr. Brown was escorted home after a meeting in which he appeared "very agitated," "belligerent," and "intoxicated." He did not return to work, such that he was absent from work for five hours. He did not request leave, such that his absence was not authorized. Mr. Brown provided no evidence to the contrary. On June 5 and 6, Mr. Brown called to inform his supervisor, Mr. Thatcher, that he would

not be coming to work on those days. On both occasions, Mr. Thatcher informed Mr. Brown that he would not approve annual leave. Mr. Thatcher testified that Mr. Brown submitted no justification for requesting leave, that no circumstances warranted emergency leave, and that Mr. Brown was needed to work. Mr. Brown offers no evidence why the failure to grant leave was improper. Thus, substantial evidence supports the AJ's finding that the agency proved that Mr. Brown was AWOL.

In order to show failure to follow instructions, it must be shown that proper instructions were given and that the petitioner failed to comply, although intent is not necessary. Hamilton v. United States Postal Serv., 71 M.S.P.R. 547, 555-57 (1996). The record shows that on May 30, 2003, Mr. Brown placed a series of phone calls to the TIGTA office in which he was belligerent, sounded "inebriated" and "was not making sense." Mr. Thatcher spoke to Mr. Brown and instructed him not to call TIGTA any more. However, on June 2 and 3, Mr. Brown made two more phone calls to TIGTA. That evidence is unrebutted. Thus, substantial evidence supports the AJ's determination that the agency proved by preponderant evidence that Mr. Brown failed to follow instructions.

As the AJ noted, the choice of penalty is left to the discretion of the agency. See Miguel v. Dep't of the Army, 727 F.2d 1081, 1083 (Fed. Cir. 1984). Thus, "under the abuse of discretion standard . . . we will not disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all factors." Lachance, 178 F.3d at 1251 (internal quotation omitted). Mr. Brown has not raised any arguments which indicate that the choice of penalty was unwarranted. The AJ noted that the deciding official considered relevant

factors, including the nature and seriousness of the misconduct, which he concluded was "quite serious," and its relation to Mr. Brown's duties.  Initial Decision at 15. Although the AJ found that the agency improperly considered two other personnel actions when choosing to remove Mr. Brown, he found that the decision was nonetheless warranted, as Mr. Brown continued to behave disruptively even after he was "warned repeatedly that his behavior was disruptive, unprofessional and must not continue."  Id.  Likewise, we find that there is substantial evidence to support the AJ's determination that the agency's decision to remove Mr. Brown was not so excessive as to constitute an abuse of discretion.

IV

In his appeal, Mr. Brown argues that the agency's action was in contravention of 5 U.S.C. § 7513, arguing that "elements of criminal misconduct were not proven."[1] However, as is clear from the Board decision, Mr. Brown was not removed because he committed or was accused of committing a crime, but because he was charged with AWOL and failure to follow instructions.  Simply because criminal charges were contemplated in connection with the activities for which he was removed does not require that, in order to remove Mr. Brown, the agency must prove that he committed a crime.

Mr. Brown further argues that the MSPB failed to consider that "[r]espondent did not contact [him] within the time frame specified by the MSPB to discuss settlement." Pet. Br. at ¶ 4.  However, the record shows that settlement possibilities were discussed

---

[1]     Mr. Brown appears to be invoking 5 U.S.C. § 7513(b)(1), which exempts from the 30-day written notice requirement actions where there is reasonable cause to believe the employee has committed a crime.

during the telephonic prehearing conference on February 2, 2004. While there is no further evidence of settlement discussions prior to the AJ's initial decision, the settlement attorney noted that as of July 1, 2004, prior to the final decision, settlement discussions had taken place but that no settlement had been reached. Although Mr. Brown raised this issue in his appeal to the Board, he does not present any evidence indicating that there were no settlement discussions, nor does he allege that further settlement negotiations would have proven effective.

Mr. Brown also argues that he received "ineffective union representation," because he agreed to accept suspension in March 2003 as a lesser form of disciplinary action. Pet. Br. at ¶ 5. While we have no record to establish whether Mr. Brown's representative was a lawyer or was not, or was effective or was not, there is no ground for setting aside the decision. We have repeatedly rejected claims of ineffective assistance of counsel in regard to MSPB appeals. See Phillips v. United States Postal Serv., 695 F.2d 1389 (Fed. Cir. 1982). Mr. Brown, as a civil petitioner, is bound by both the acts and omissions of chosen counsel. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962).

In sum, Mr. Brown has not shown that the Board committed any legal or procedural error in its analysis. Further, the Board's decision to uphold the actions of the agency was supported by substantial evidence, and was neither arbitrary nor capricious. Thus, we affirm.