NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3288

HERMON D. WRIGHT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 5, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LINN and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Hermon D. Wright ("Wright") appeals from a final decision of the Merit Systems Protection Board ("Board"), <u>Wright v. Dep't of the Air Force</u>, 101 M.S.P.R. 594, No. DA-0752-00-0397-M-1 (M.S.P.B. Apr. 28, 2006).  In that final decision, the Board dismissed as untimely Wright's petition to review an administrative judge's initial decision that had dismissed as withdrawn Wright's appeal of his removal from the United States Air Force.  <u>See</u> <u>Wright v. Dep't of the Air Force</u>, No. DA-0752-00-0379-I-1 (M.S.P.B. July 27, 2000) ("<u>Initial Decision</u>").  Because Wright's petition was untimely and the Board's decision not to waive the time limit was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," <u>see</u> 5 U.S.C. § 7703(c), we <u>affirm</u>.

BACKGROUND

Until April 14, 2000, Wright was employed by the United States Air Force as an aircraft engine mechanic at Tinker Air Force Base in Oklahoma. On that date, Wright was removed from employment. Wright appealed his removal to the Board.

On July 24, 2000, Wright withdrew his appeal, and the administrative judge accordingly dismissed the appeal as withdrawn. Initial Decision. The initial decision included a notice that it would "become final on August 31, 2000, unless a petition for review [wa]s filed by that date or the Board reopens the case on its own motion." Id., slip op. at 2.

Wright did not file a petition by that date, but on July 23, 2003, he sent a letter to the Clerk of the Board in which he requested refiling and/or reconsideration of his appeal. The Board construed this as a petition for review, but it noted in its acknowledgment that it appeared to be untimely and that Wright would need to show good cause for his late filing. It also provided Wright with instructions on how to file a motion for waiver of the time limit.

Having allegedly received no response from Wright, the Board dismissed the petition as untimely filed on December 30, 2003. Wright v. Dep't of the Air Force, 96 M.S.P.R. 1 (2003). Wright appealed to this court. In his submissions, he included evidence that he had faxed a completed motion for a waiver of the time limit to the Board on August 14, 2003. At the Board's request, we ordered that the case be remanded so that the Board could consider Wright's motion. Wright v. MSPB, 115 Fed. Appx. 432 (Fed. Cir. Oct. 20, 2004).

On remand, the Board declined to find good cause for Wright's delay and again dismissed his petition for review. Wright, 101 M.S.P.R. at 598. Wright again appealed to this court; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Under 5 C.F.R. § 1201.114(d), "[a]ny petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." Wright's petition, filed almost three years after the initial decision, did not meet this deadline.

Nonetheless, the Board will excuse late filings if a party shows "good cause." 5 C.F.R. § 1201.114(e), (f). Wright alleged in his motion to waive the deadline that his deteriorating mental health prevented him from making a timely filing and thereby constituted good cause. In support, he submitted a letter stating that he was under treatment for acute stress disorder and post-traumatic stress disorder from September 1997 until September 2000. The letter also stated that beginning in September 2000, and continuing through the letter's date of August 11, 2003, he "continues medication and treatment" by another physician.

As the Board observed, however, Wright did not provide evidence of his condition or treatment between September 2000 and August 2003, a period that encompasses nearly all of the time between his deadline for filing a petition for review and when he actually filed one. He also provided no evidence as to "how those conditions prevented him from filing his petition or a request for an extension of time." Wright, 101 M.S.P.R. at 597. In the absence of such evidence, the Board's decision

was not "arbitrary, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 7703(c); Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1390 (Fed. Cir. 1982).

Wright also argues that the administrative judge gave him misleading or incorrect information that led him to withdraw his initial appeal. This argument goes to the merits of his petition for review, not to the question of timeliness, and we cannot and do not consider it.

Because we discern no error in the Board's dismissal of Wright's appeal, its decision is affirmed.

                                    COSTS

No costs.