NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOUGLAS J. MACNEILL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3175

---

Petition for review of the Merit Systems Protection Board in No. DA0752110587-I-1.

---

Decided: April 10, 2013

---

DOUGLAS J. MACNEILL, of Salem, New Hampshire, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge,* O'MALLEY, and WALLACH,
*Circuit Judges.*

PER CURIAM.

Mr. Douglas J. MacNeill appeals from a Merit Systems Protection Board's ("Board") decision dismissing his appeal as untimely. Because substantial evidence supports a finding of Mr. Macneill's failure to show good cause for the delay in filing his appeal, the Board's decision is affirmed.

BACKGROUND

Mr. MacNeill was employed by the Department of the Air Force ("agency") as a Logistics Management Specialist at Tinker Air Force Base, Oklahoma. On January 21, 2009, the agency proposed to remove Mr. MacNeill from his position for refusing to submit to an urinalysis test, and on February 20, 2009, the agency informed him of his removal effective February 25, 2009. The decision letter informed Mr. MacNeill that he could file an appeal of the agency's decision within thirty days from the effective date of the decision. Mr. MacNeill's appeal was filed on July 22, 2011, more than two years or 847 days after the deadline for filing his appeal.

On August 1 and October 5, 2011, the administrative judge issued orders directing Mr. MacNeill to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. Based on Mr. MacNeill's and the agency's responses to these orders, on November 22, 2011, the administrative judge issued an initial decision dismissing the appeal as untimely filed. *MacNeill v. Dep't of the Air Force,* No. DA-0752-11-0587-I-1, slip op. at 1 (M.S.P.B. November 22, 2011) ("Initial Decision"). Mr. MacNeill petitioned the full Board to review the Initial Decision. On June 18, 2012, the full Board adopted the Initial Decision finding no error on the part of the administrative judge. *MacNeill v. Dep't of the*

*Air Force*, No. DA-0752-11-0587-I-1, slip op. at 3 (M.S.P.B. June, 28, 2012) ("Final Decision"). Mr. MacNeill's petition to this court followed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Whether the regulatory time limit for an appeal of an agency action should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994) (citation and internal quotations marks omitted).

Here, the administrative judge applied the standards set forth in *Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980), and dismissed Mr. MacNeill's appeal because it was untimely filed without good cause. The Board subsequently denied Mr. MacNeill's petition for review because it found that the administrative judge did not commit legal error that affected the outcome of the case and because Mr. MacNeill did not present any new, previously unavailable, evidence after the record was closed. 5 C.F.R. § 1201.115(b). This court finds no error in these decisions.

In particular, Mr. MacNeill had the burden of proving by a preponderance of the evidence that his appeal was timely before the Board. 5 C.F.R. § 1201.56(a)(2)(ii). It is uncontroverted that Mr. MacNeill's appeal was not timely. *See* 5 C.F.R. § 1201.22(b)(1) ("[A]n appeal must be filed no later than 30 days after the effective date, if any, of the

action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later."). As the Board ordered, Mr. MacNeill had to show good cause why his appeal was filed more than two years after the effective date of his removal. *Alonzo*, 4 M.S.P.R. at 184.[1]

Responding to the Board's order to show cause, Mr. MacNeill provided, in relevant part, that his delay in filing the appeal was the result of: "1) adverse influence; 2) harassment and stalking occurring from an unknown source in, on, and around a military installation; 3) deployment of esoteric systems and technologies against his person; and 4) perceived experimentation and politics at the workplace that extended into his personal off-duty environment." Initial Decision at 2–3. The administrative judge did not find evidence supporting Mr. MacNeill's assertions. For example, it was found that there was no evidence indicating that the agency in some fashion prevented him from filing a timely appeal nor did he show that he was, for instance, ill during the 847 days before filing this appeal. The administrative judge found no

---

[1] "[F]actors for consideration . . . in deciding whether to waive the 20-day limitation should include . . . the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit." *Alonzo*, 4 M.S.P.R. at 184 (internal footnotes omitted). The efficacy of these factors has been recognized by this court. *Walls*, 29 F.3d at 1582.

basis supporting a showing of good cause as to the "significant" 847-day delay. *Id.* at 6.

The full Board on petition for review agreed with the Initial Decision and adopted its findings as the Final Decision. The Board further stated that there was no delay in the issuance of the decision that affected Mr. MacNeill's rights. Final Decision at 2.

This decision is supported by the record. Mr. MacNeill does not provide substantive evidence as to why he was 847 days late in filing his appeal to the Board. Bare assertions alleging that he was prevented from filing a timely appeal cannot suffice. As a result, the Board's decision here is left undisturbed because the Board reasonably exercised its discretion to determine whether the requirements for waiver of the time limits on appeals have been met. *See Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1390 (Fed. Cir. 1982).

## AFFIRMED

No Costs.